Presentment Date and Time:
**August 23, 2016 at 12:00 p.m.**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

Objection Deadline Date and Time:
**August 16, 2016 at 4:00 p.m.**

-------------------------------------------------------------- x
In re:                                                         :
                                                               :   Chapter 7
ROBERT CAPALA,                                                 :
                                                               :   Case No. 15-42762 (NHL)
                                                               :
            Debtor.                                            :
-------------------------------------------------------------- X
In re:                                                         :
                                                               :   Chapter 7
PAWEL CAPALA,                                                  :
                                                               :   Case No. 15-42763 (NHL)
                                                               :
            Debtor.                                            :
-------------------------------------------------------------- x

## NOTICE OF PRESENTMENT OF TRUSTEES' JOINT MOTION PURSUANT TO SECTIONS 105(a) AND 362(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING JOINT PROSECUTION <u>AGREEMENT AND GRANTING RELIEF FROM THE AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE** that the attached Joint Motion by the Trustees pursuant to

sections 105(a) and 362(d) of the Bankruptcy Code and Bankruptcy Rule 9019 for entry of order

approving the Joint Prosecution Agreement and granting relief from the automatic stay (the

"<u>Motion</u>"), will be presented to the Honorable Nancy H. Lord, United States Bankruptcy Judge,

United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East,

Brooklyn, New York 11201-1800, Courtroom 2529, on **August 23, 2016 at 12:00 p.m.** (the

"<u>Presentment Date and Time</u>").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion

must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court, and shall be filed with the Bankruptcy Court electronically in accordance with General

Order M-559 (General Order M-559 and the Revised Administrative Procedures for

Electronically Filed Cases can be found at www.nyeb.uscourts.gov, the official website for the

28526917v3

Bankruptcy Court), by registered users of the Bankruptcy Court's filing system and, by other parties in interest, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format and shall be served upon (i) Troutman Sanders LLP, counsel to the Trustee John S. Pereira, 875 Third Avenue, New York, New York 10022 (Attention: John P. Campo, Esq.); (ii) Law Offices of Avrum J. Rosen, PLLC, counsel to the Trustee Debra Kramer, 38 New Street, Huntington, New York 11743 (Attention: Avrum J. Rosen, Esq.); and (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attention: William E. Curtin, Esq.) so as to be received by **4:00 p.m. (EST) on August 16, 2016 (the "<u>Objection Deadline</u>").**

      **PLEASE TAKE FURTHER NOTICE** that if no written objection is timely filed, the relief may be granted as requested.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served before the Objection Deadline, the Court will either hold a hearing on such objection on the Presentment Date and Time, or, on the Presentment Date and Time will set another time for a hearing on such objection.  Objections not served and filed on or before the Objection Deadline may not be considered by the Court.

Dated: New York, New York
      August 1, 2016

| LAW OFFICES OF AVRUM J. ROSEN, PLLC | TROUTMAN SANDERS LLP |
|---|---|
| By: _/s/Avrum J. Rosen_ | By: _/s/John P. Campo_ |
|     Avrum J. Rosen |     John P. Campo |
|     38 New Street |     Scott E. Koerner |
|     Huntington, New York 10022 |     875 Third Avenue |
|     Telephone:  (631) 423-8527 |     New York, New York 10022 |
|     Facsimile: (631) 423-4536 |     Telephone:  (212) 704-6000 |
|  |     Facsimile: (212) 704-5907 |
| *Counsel for the Robert Capala Trustee* | *Counsel for the Pawel Capala Trustee* |

**Presentment Date and Time:**
**August 23, 2016 at 12:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**Objection Deadline Date and Time:**
**August 16, 2016 at 4:00 p.m.**

```
------------------------------------------------------------- x
In re:                                     :  Chapter 7
                                           :
ROBERT CAPALA,                             :  Case No. 15-42762 (NHL)
                                           :
            Debtor.                        :
------------------------------------------------------------- X
In re:                                     :
                                           :  Chapter 7
PAWEL CAPALA,                              :
                                           :  Case No. 15-42763 (NHL)
            Debtor.                        :
------------------------------------------------------------- x
```

### TRUSTEES' JOINT MOTION PURSUANT TO SECTIONS 105(a) AND 362(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER APPROVING JOINT PROSECUTION AGREEMENT AND GRANTING RELIEF FROM THE AUTOMATIC STAY

John S. Pereira (the "Pawel Capala Trustee"), as the chapter 7 trustee for the estate of

Pawel Capala, and Debra Kramer (the "Robert Capala Trustee"; together with the Pawel Capala

Trustee, the "Trustees"), as the chapter 7 trustee for the estate of Robert Capala (together with

Pawel Capala, the "Debtors"), each by and through their undersigned counsel, hereby jointly

move this Court for entry of an Order pursuant to sections 105(a) and 362(d) of title 11 of the

United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that certain Joint

Prosecution Agreement dated as of July 29, 2016 (the "Joint Prosecution Agreement")[1] by and

between the Pawel Capala Trustee, the Robert Capala Trustee, and Robert Wisniewski

("Wisniewski"; together with the Pawel Capala Trustee and Robert Capala Trustee, the

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Agreement.

28526917v3

"Parties"), individually and as counsel for Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, Jan Swaltek, Artut Kosiorek and Henryk Stoklosa (the "Class Action Plaintiffs"). A copy of the Agreement is annexed hereto as Exhibit A. In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that it is a matter concerning the administration of each of the Debtors' estates. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 362(d) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

### The District Court Action

3.      On August 29, 2007, the Class Action Plaintiffs filed an action for violations of the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, New York State Labor Law, and New York state common law, against the Debtors and Capala Brothers, Inc., (the "Defendants") in the United States District Court for the Eastern District of New York captioned as *Gortat, et al. v. Capala Brothers, Inc. et al.*, Case No. 07-3629 (the "District Court Action").

4.      On June 19, 2013, the District Court entered a money judgment against the Defendants in the amount of $293,212.41 in favor of the Class Action Plaintiffs (the "Class Action Judgment"), and on August 4, 2014, the District Court entered a judgment for attorney's

fees and costs against the Defendants in the amount of $582,578.50 in favor of Wisniewski (the "Fees Judgment"; collectively with the Class Action Judgment, the "Judgments").

**The Debtors' Fraudulent Transfers**

5.    Beginning in October 2014, Wisniewski and the Class Action Plaintiffs began post-judgment proceedings in the District Court pursuant to Federal Rule of Civil Procedure 69. Post-judgment discovery revealed that the Defendants – including the Debtors – transferred virtually all of their collectible assets to friends, family and other close associates.

6.    In particular, the Debtors made the following transfers:

- 246 Frost Street:   On June 3, 2013 – two weeks before the Class Action Judgment was entered – Pawel Capala and his non-debtor spouse, Jennifer Capala, transferred their 100% joint interest in a property at 246 Frost Street, Brooklyn ("246 Frost") to a newly-created New York limited liability company Fire Hill Holdings, LLC ("Fire Hill Holdings") for no consideration.  The sole member of Fire Hill Holdings is Jennifer Capala.  Upon information and belief, 246 Frost Street has an approximate value of $2 million to $2.5 million.

- Hillsdale, New York Property:   Also on June 3, 2013, Pawel Capala and Jennifer Capala transferred their 100% joint interest in 13 acres of unimproved real property located on Stagecoach Road, Hillsdale, New York ("Hillsdale Property") to Fire Hill Holdings for no consideration.  Upon information and belief, the Hillsdale Property has an approximate value of $100,000.

- 152 Fire Hill Road, Spencertown:   On June 3, 2013, Pawel Capala and Jennifer Capala entered into that certain Separation and Property Settlement Agreement, whereby Pawel Capala agreed to transfer his interest in the real property located at 152 Fire Hill Road, Spencertown, New York (the "Spencertown Property") to Jennifer Capala, free and clear of any right, title and interest of the Debtor.  Notwithstanding this agreement, Pawel Capala may not have executed a deed transferring the Spencertown Property, and he claims a homestead exemption in the Property on his schedules.  Upon information and belief, the Spencertown Property has an approximate value of $300,000.

- 214 Frost Street:  On July 9, 2014 – a year after the Class Action Judgment was entered -- Robert Capala transferred his 50% interest in a property at 214 Frost Street, Brooklyn ("214 Frost") to the Robert Capala Trust for no consideration, while reserving a life estate for himself in the property.  Upon information and belief, 214 Frost has an approximate value of $1.75 million to $2 million.

3

7.     Further, the other Defendant, Capala Brothers, Inc. -- a corporation wholly owned and controlled by the Debtors -- transferred its operating location at 269 Withers Street, Brooklyn for approximately half of its market value.

***Post-Judgment Enforcement***

8.     On December 10, 2014, the District Court entered a temporary restraining order (the "TRO") restraining, among other parties, the Debtors, Jennifer Capala, Fire Hill Holdings and the Robert Capala Trust from destroying documents, or transferring any real or personal properties, including 214 Frost, 246 Frost, the Hillsdale Property or the Spencertown Property. [District Court Dkt. No. 437].  The TRO was extended through June 15, 2015.  [District Court Dkt. Nos. 457, 466 and 484].

9.     Thereafter, the Defendants failed to comply with their discovery obligations in connection with the post-judgment discovery pending in the District Court.  Following several motions by Wisniewski and the Class Action Plaintiffs to compel Defendants to produce information pertaining to their finances and the transfers at issue, the District Court held a hearing on March 9, 2015, to resolve the discovery disputes, and ordered Defendants to comply with the discovery by April 7, 2015.

10.     Two days after the compliance deadline passed, Defendants' counsel advised Wisniewski that they did not intend to produce additional documents as ordered by the District Court.

11.     On May 28, 2015, Wisniewski and the Class Action Plaintiffs filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, seeking, *inter alia*, the entry of a default judgment against the Defendants voiding the transfers (the "District Court Motion to Avoid

4

Transfers"). [District Court Dkt. Nos. 504-10, 515]. The District Court Motion to Avoid Transfers is currently pending before the District Court.

***The Bankruptcy Cases***

12.    On June 12, 2015 (the "<u>Petition Date</u>"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code before this Court.

13.    On or about the Petition Date, Kramer was appointed as Trustee for the chapter 7 estates of both of the Debtors' estates. Thereafter, Kramer resigned as Trustee for Pawel Capala's estate due to a potential conflict between the estates of the Debtors, and John S. Pereira was appointed as the successor chapter 7 trustee for Pawel Capala's estate.

14.    On September 11, 2015, the Class Action Plaintiffs and Wisniewski commenced an adversary proceeding against Pawel Capala under sections 523, 707(a) and 727 of the Bankruptcy Code, and sections 276 and 273-a of New York's Debtor Creditor Law, captioned as *Gortat, et al. v. Pawel Capala*, Adv. No. 15-1160, seeking dismissal of the bankruptcy petition, objecting to discharge of Pawel Capala's debts due to his fraudulent conduct and seeking to avoid certain transfers of property as fraudulent conveyances (the "<u>Pawel Capala Adversary Proceeding</u>"). The Class Action Plaintiffs and Wisniewski commenced a virtually identical adversary proceeding against Robert Capala on the same date, captioned *Gortat, et al. v. Robert Capala*, Adv. No. 15-1159 (the "<u>Robert Capala Adversary Proceeding</u>"; collectively with the Pawel Capala Adversary Proceeding, the "<u>Adversary Proceedings</u>").

15.    The Trustees have communicated to the Class Action Plaintiffs and Wisniewski that it is their position that certain of the claims in the Adversary Proceedings are defective. In particular, it is inappropriate to seek dismissal of a bankruptcy case in an adversary proceeding,

5

and that an individual creditor has no standing to bring fraudulent conveyance claims on behalf of the estate, absent an order from the Court.

16.    Thereafter, the Trustees and Wisniewski engaged in settlement negotiations regarding the resolution of certain claims in the Adversary Proceedings, and to discuss the coordinated prosecution of the fraudulent conveyances claims against the Defendants.

## THE JOINT PROSECUTION AGREEMENT

17.    As a result of lengthy negotiations between the Parties, on or about July 29, 2016, the Trustees and Wisniewski agreed to the terms of the Joint Prosecution Agreement.  The Joint Prosecution Agreement is a significant milestone in these chapter 7 cases, as it resolves certain litigation with the largest creditors of each of the estates, while allowing for coordinated prosecution of the Parties' fraudulent conveyance claims.

18.    The key terms of the Joint Prosecution Agreement are summarized as follows:[2]

(a)    Subject to the approval of the Bankruptcy Court, the automatic stay will be vacated to permit the District Court to proceed with a determination of the District Court Motion to Avoid Transfers.  To the extent any transfers of property are voided as a result of a ruling on the District Court Motion to Avoid Transfers, any and all affected property reverts to the estate of the original owner, either Capala Brothers Inc., the Estate of Robert Capala or the Estate of Pawel Capala;

(b)    To the extent not resolved in the District Court Motion to Avoid Transfers, the Trustee for each estate will pursue any fraudulent conveyance claims of that estate under sections 544 and 548 of the Bankruptcy Code in a jointly administered proceeding before the District Court;

(c)    The Parties agree to cooperate with each other in furtherance of the aforementioned fraudulent conveyance litigation, and agree that each of the

---

[2]    The summary of the Joint Prosecution Agreement set forth herein is provided solely for the convenience of the Court, and is not intended to be a comprehensive recitation of all of the terms of the Joint Prosecution Agreement.  To the extent that there is any inconsistency between the summary provided for herein and the actual terms of the Joint Prosecution Agreement, the actual terms of the Joint Prosecution Agreement, as approved, shall control.

28526917v3

Parties shall be the owner of and shall be entitled to the proceeds from pursuing its claims;

(d)    The Trustees agree to retroactively vacate the automatic stay with respect to the appeal of the Fees Judgment heard and substantially affirmed by the United States Court of Appeals for the Second Circuit, pursuant to the Fees Judgment Appeal Order dated July 29, 2015; and

(e)    Wisniewski and the Class Action Plaintiffs shall withdraw their claims seeking the dismissal of the Bankruptcy Cases and their claims seeking to avoid certain fraudulent transfers being asserted in Adversary Proceedings.

## BASIS FOR RELIEF REQUESTED

19.    Entry into the Joint Prosecution Agreement is in the best interests of the Debtors' estates and should be approved under Bankruptcy Rule 9019 and sections 105(a) and 362(d) of the Bankruptcy Code.

20.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interest of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

21.    The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a

7

court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

22.    In deciding whether a particular settlement falls within the "range of reasonableness," courts in the Second Circuit consider the following factors: (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors.  *Nellis*, 165 B.R. at 122 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

23.    While a court must evaluate "all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a mini-trial of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation.  *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact . . . . The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

24.    The court may give weight to the informed judgment of the trustee that a compromise is fair and equitable.  *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

8

28526917v3

25.    Unlike most motions for approval of a compromise under Bankruptcy Rule 9019, the instant motion does not seek to resolve monetary claims asserted by the Debtors against third-parties.    Rather, the Joint Prosecution Agreement organizes a framework for litigating the fraudulent conveyance claims that are the primary assets of these cases.  This framework, and the ancillary issues resolved therein, are significant milestones in these cases, and the Trustees submit that the Joint Prosecution Agreement satisfies the standards for approval.

26.    As an initial matter, the Joint Prosecution Agreement resolves multiple claims in the Adversary Proceedings that the Trustees would be required to intervene in, and seek to address.    Specifically, the Wisniewski and the Class Action Plaintiffs are withdrawing with prejudice their claims to dismiss the Bankruptcy Cases, and withdrawing their fraudulent conveyance actions against the Debtors.  Although the Trustees correctly believe that they would ultimately prevail against Wisneiwski and the Class Action Plaintiffs with respect to procedural problems with asserting these claims, the Joint Prosecution Agreement resolves these claims at no cost to the Trustees.

27.    Secondly, the Joint Prosecution Agreement organizes an efficient and cost-effective method of prosecuting the fraudulent conveyance claims that are the primary asset of the Debtors' bankruptcy estates.  The fraudulent conveyance claims have already been asserted before the District Court in the District Court Motion to Avoid Transfers.  The District Court is intimately familiar with the Debtors, and the relevant facts surrounding these cases.  Allowing that Motion to proceed is a cost-effective method of allowing the fraudulent conveyance claims to be decided.  However, because the procedural posture of the District Court Motion to Avoid Transfers is a Rule 37 sanctions motion, in the event the District Court declines to avoid the transfers at issue, the Trustees will be able to proceed with filing fraudulent transfer complaints in

9

the District Court, and have those proceedings jointly-administered in District Court.  Proceeding with jointly-administered litigation in District Court reduces potential appeals and jurisdictional conflicts in these cases, and will allow these fraudulent conveyance cases to proceed in an efficient manner.

28.     The only cost incurred by the estates in securing the Joint Prosecution Agreement is that the Trustees will agree to retroactively vacate the automatic stay with respect to the appeal of the Fees Judgment heard and substantially affirmed by the United States Court of Appeals for the Second Circuit, pursuant to the Fees Judgment Appeal Order dated July 29, 2015.  However, the Trustees have evaluation the Second Circuit's decision, and do not believe there are grounds to challenge that decision.  Thus, while such decision may have technically violated the automatic stay at the time, the Trustees believe that retroactive relief from the automatic stay is appropriate here, and fair and equitable in the context of the instant compromise.

29.     Accordingly, the Joint Prosecution Agreement is fair and equitable and falls well within the range of reasonableness. For all the reasons set forth above, the proposed Joint Prosecution Agreement between the Parties constitutes a sound exercise of the Trustee's business judgment, is in the best interest of the Debtor's estate, and should be approved.

30.     No prior motion has been filed for the relief requested herein.

### NOTICE

31.     Notice of this Motion was provided to (i) William E. Curtin, Esq., Office of the United States Trustee for the Eastern District of New York, (ii) Wisniewski, (iii) counsel to the Debtors; (iv) all creditors, and (v) all parties that, as of the filing of this Motion, have requested notice in this case via the ECF notification system.  The Trustees submits that no further notice of this Motion need be given.

10

28526917v3

## CONCLUSION

32.     For all of the foregoing reasons, the Joint Prosecution Agreement falls well within the requisite standards for approval.  Therefore, the Trustees respectfully requests that the Court enter the proposed order, attached hereto as Exhibit B, granting the Motion, approving the Joint Prosecution Agreement pursuant to Sections 105(a) and 362(d) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules, and granting such other and further relief as it deems just and proper.

Dated: New York, New York
      August 1, 2016

LAW OFFICES OF AVRUM J. ROSEN, PLLC

By:  */s/Avrum J. Rosen*
    Avrum J. Rosen
    38 New Street
    Huntington, New York 10022
    Telephone:  (631) 423-8527
    Facsimile: (631) 423-4536

*Counsel for the Robert Capala Trustee*

TROUTMAN SANDERS LLP

By:  */s/John P. Campo*
    John P. Campo
    Scott E. Koerner
    875 Third Avenue
    New York, New York 10022
    Telephone:  (212) 704-6000
    Facsimile: (212) 704-5907

*Counsel for the Pawel Capala Trustee*

11

28526917v3

# EXHIBIT A

# JOINT PROSECUTION AGREEMENT

28526917v3

# JOINT PROSECUTION AGREEMENT

This Joint Prosecution Agreement ("**Agreement**") is entered into this 29th day of July, 2016, by and among the following parties and their respective counsel (collectively, the "**Parties**"):  John S. Pereira, in his capacity as trustee of the Chapter 7 bankruptcy estate of Pawel Capala (the "**Pawel Trustee**"); Debra Kramer ("**Kramer**"), in her capacity as trustee of the Chapter 7 bankruptcy estate of Robert Capala (the "**Robert Trustee**"); and Robert Wisniewski ("**Wisniewski**"), individually and as counsel for Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, Jan Swaltek, Artut Kosiorek, and Henryk Stoklosa (individually, and collectively, the "**Class Action Plaintiffs**").

WHEREAS, on August 29, 2007, the Class Action Plaintiffs filed an action against Pawel Capala , Robert Capala, and Capala Brothers, Inc.  in the United States District Court for the Eastern District of New York Court (the "**District Court Action**") captioned as *Gortat, et al. v. Capala Brothers, Inc., et al.*, Case No. 07-3629; and

WHEREAS, a judgment in favor of the Class Action Plaintiffs was entered on June 19, 2013 (the "**District Court Action Judgment**"), and an award of attorney's fees to Class Action Plaintiffs' counsel was entered on August 4, 2014 (the "**Fees Judgment**"; collectively, the "**Judgments**"); and

WHEREAS, the District Court Action Judgment was affirmed on appeal by Mandate dated November 13, 2014 and efforts to enforce and collect on the District Court Action Judgment have been unsuccessful; and

WHEREAS, on June 12, 2015 (the "**Petition Date**"), Pawel Capala and Robert Capala filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Cases**"); and

WHEREAS, notwithstanding the existence of the automatic stay, the Fees Judgment was substantially affirmed on appeal by Order dated July 29, 2015 (the "**Fees Judgment Appeal Order**");

WHEREAS, on June 12, 2015, Kramer was appointed as the Chapter 7 trustee for both bankruptcy estates; and

WHEREAS, on September 22, 2015, following Kramer's resignation due to a potential conflict between the estates of Robert Capala and Pawel Capala, John S. Pereira ("**Pereira**") was appointed as the successor Chapter 7 trustee for the bankruptcy estate of Pawel Capala; and

WHEREAS, as of the Petition Date, there were post-judgment proceedings to unwind fraudulent transfers made by Pawel Capala, Robert Capala and Capala Brothers, Inc. pending in the District Court Action ("District Court Fraudulent Transfer Avoidance Proceedings"); and

**WHEREAS** the Parties anticipate potential litigation, investigations, and other matters, (the "**Potential Litigations**") in which they have a common interest, and therefore have entered into that certain Joint Defense, Confidentiality and Common Interest Agreement, dated July 29, 2016 (the "**Common Interest Agreement**"); and

**WHEREAS**, the Parties have agreed that they will each be pursuing certain fraudulent conveyance actions against transferees of Pawel Capala, Robert Capala and Capala Brothers, Inc., and in order to avoid the uncertainties and expense of disputes or litigation by and between the Parties related to or arising under the prosecution of such fraudulent conveyance actions, the Parties have agreed to cooperate and jointly prosecute the fraudulent conveyance actions, as set forth more fully herein.

**NOW, THEREFORE**, in consideration of the foregoing it is agreed as follows:

1. ***Pending District Court Motion for Sanctions and Defaults against all Defendants:*** As of the Petition Date, the District Court had a Rule 37 motion pending for, *inter alia¸* entry of an order voiding transfers of the following assets:

> 1.1.    Defendant Capala Brothers Inc.'s February 20, 2013 sale of its company shop and property at 269 Withers Street, Brooklyn;

> 1.2.    Defendant Robert Capala's transfer of his share of 214 Frost Street, Brooklyn, to Robert Capala Trust; and

> 1.3.    All transfers of property from Defendant Pawel Capala to his wife Jennifer Capala pursuant to their judgment of divorce, including, without limitation: 246 Frost Street, Brooklyn, 152 Fire Hill Road, Spencertown, and an undeveloped tract of land in upstate New York,

(the "**District Court Motion to Void Transfers**" [ECF No. 510]).  The Parties have agreed to vacate the automatic stay to permit the Court to proceed with the District Court Motion to Void Transfers.  To the extent any transfers of property are voided as a result of a ruling on the District Court Rule 37 Sanctions Motion, any and all affected property reverts to the estate of the original owner, either Capala Brothers Inc., the Estate of Robert Capala or the Estate of Pawal Capala.

2. ***Pawel Capala Fraudulent Conveyance Claims:***  To the extent not resolved in the District Court Motion to Void Transfers, the Pawel Trustee will pursue any fraudulent conveyance claims of the estate of Pawel Capala under sections 544 and 548 of the Bankruptcy Code, with respect to properties fraudulently conveyed by Pawel Capala prior to the Petition Date (the "**Pawel Capala Fraudulent Conveyance Claims**"), in the Joint Fraudulent Conveyance Litigation (defined below).  The Pawel Trustee is entitled to, and is solely responsible for pursuing any and all claims on behalf of the Chapter 7 bankruptcy estate of Pawel Capala.  Nothing in this Agreement shall be construed to provide any other party with standing to pursue, or a right to direct, settle or otherwise claim an interest in any claim or cause of action which is property of the Chapter 7 bankruptcy estate of Pawel Capala, including the Pawel Capala Fraudulent Conveyance Claims.

3. ***Robert Capala Fraudulent Conveyance Claims:*** To the extent not resolved in the District Court Motion to Void Transfers, the Robert Trustee will pursue any fraudulent conveyance claims of the estate of Robert Capala under sections 544 and 548 of the Bankruptcy Code, with respect to properties fraudulently conveyed by Robert Capala prior to the Petition Date (the "**Robert Capala Fraudulent Conveyance Claims**"), in the Joint Fraudulent Conveyance Litigation (defined below). The Robert Trustee is entitled to, and is solely responsible for pursuing any and all claims on behalf of the Chapter 7 bankruptcy estate of Robert Capala. Nothing in this Agreement shall be construed to provide any other party with standing to pursue, or a right to direct, settle or otherwise claim an interest in any claim or cause of action which is property of the Chapter 7 bankruptcy estate of Robert Capala, including the Robert Capala Fraudulent Conveyance Claims.

4. ***Joint Fraudulent Conveyance Litigations.*** The Parties agree to pursue the Pawel Capala Fraudulent Conveyance Claims and the Robert Capala Fraudulent Conveyance Claims in a jointly-administered proceeding (the "**Joint Fraudulent Conveyance Litigation**") in the United States District Court for the Eastern District of New York (the "**District Court**"). The Joint Fraudulent Conveyance Litigation will be jointly-administered with the existing District Court Action. To the extent that a trial is required, the Parties will conduct a joint consolidated trial.

5. ***Capala Brothers Inc. Fraudulent Conveyance Claims:*** To the extent not resolved in the District Court Motion to Void Transfers, Wisniewski and the Class Action Plaintiffs, as judgment creditors of Capala Brothers Inc. ("**Capala Brothers**"), shall pursue any fraudulent conveyance claims related to transfers of property from Capala Brothers to other entities, including Trigon Inc. under sections 273, 273-a, 274 and 276 of New York's Debtor Creditor Law (the "**Capala Brothers Fraudulent Conveyance Claims**") as part of the Joint Fraudulent Conveyance Litigation (defined above). Wisniewski and the Class Action Plaintiffs are entitled to, and are solely responsible for pursuing the Capala Brothers Fraudulent Conveyance Claims, in their capacity as creditors of Capala Brothers. Nothing in this Agreement shall be construed to provide any other party with standing to pursue, or a right to direct, settle or otherwise claim an interest in the Capala Brothers Fraudulent Conveyance Claims.

6. ***Commencement; Scheduling.*** The Pawel Trustee and the Robert Trustee shall each assert any of the Pawel Capala Fraudulent Conveyance Claims of Robert Capala Fraudulent Conveyance Claims, respectively, by filing a complaint in the District Court, and shall mark the complaint as "related to" the existing District Court Action. Wisniewski and the Class Action Plaintiffs shall pursue the Capala Brothers Fraudulent Conveyance Claims which are already pending in the District Court Action. The Parties shall regularly meet and confer to discuss scheduling for the prosecution of the Joint Fraudulent Conveyance Litigation and the Capala Brothers Fraudulent Conveyance Claims.

7. ***Cooperation.*** The Parties agree to cooperate with each other in furtherance of the prosecution of the aforementioned Capala Brothers and Joint Fraudulent Conveyance Litigation. The Parties acknowledge that each will not seek to join or formally participate in the others' pursuing of their claims, but will provide each other with reasonably necessary support and assistance to enable the others to pursue their claims. The Parties agree to cooperate with each other in connection with the Capala Brothers and Joint Fraudulent

Conveyance Litigation by, among other things, (i) making themselves and persons in their employ and control available to the others for interviews, and (ii) in accordance with the Common Interest Agreement, making documents within their possession or control, including Litigation Materials (as that term is defined in the Common Interest Agreement), available to each other for purposes of each of the Parties' pursuit of claims related to the Capala Brothers and Joint Fraudulent Conveyance Litigation. The Parties agree to promptly notify each other of any scheduled events in the Capala Brothers and Joint Fraudulent Conveyance Litigation, such as depositions, service of written discovery or responses thereto, hearings, or settlement conferences.

      **8.**     ***Entitlement to Award***. Each of the Parties shall be the owner of and shall be entitled to the proceeds from pursuing its claims.

      **9.**     ***Attorney Fees and Litigation Costs Going Forward***.

      9.1.     Each of the Parties shall bear its own attorney fees and litigation costs. Each of the estates of Pawel Capala and Robert Capala shall bear the costs of its respective trustee's litigation, subject to the professional retention and payment provisions of the Bankruptcy Code. In order to avoid unnecessary duplicative expenses, the Parties agree to share costs to the extent that such costs are equally incurred and shared across all of the Parties.

      9.2.     Wisniewski can make an application for an allowed administrative claim under 11 U.S.C. §503(b) for his legal fees for the work contemplated under this joint prosecution agreement. Any application for fees will be nunc pro tunc to the Petition Date.

      **10.**     ***Settlement***. Nothing in this Agreement shall limit the authority of any of the Parties to settle, offer to settle, or entertain offers to settle some or all of its claims relating to the Capala Brothers and Joint Fraudulent Conveyance Litigation. Each Party agrees to promptly notify the others of any and all settlement discussions, mediations or other procedures seeking to accomplish settlement of all or any portion of the Capala Brothers and Jointly Administered Fraudulent Conveyance Claims. To the extent that there is a settlement of some of the Capala Brothers and Jointly Administered Fraudulent Conveyance Claims, such settlement shall not prevent the non-settling Parties from pursuing their portion of the Capala Brothers and Joint Fraudulent Conveyance Litigation.

      **11.**     ***Automatic Stay Vacated as to Appeal of Fees Judgment.*** The Pawel Trustee and the Robert Trustee agree that the automatic stay is retroactively deemed vacated with respect to the appeal of the Fees Judgment heard and substantially affirmed by the United States Court of Appeals for the Second Circuit, pursuant to the Fees Judgment Appeal Order dated July 29, 2015, and that, notwithstanding the automatic stay, the Fees Judgment Appeal Order is deemed valid and the District Court is authorized to review all issues on remand from the Second Circuit and issue an amended Fees Judgment in accordance with its determination.

12.    ***Withdrawal of Claims to Dismiss Bankruptcy Cases.***  In consideration of the Pawel Trustee and the Robert Trustee's agreements herein, Wisniewski and the Class Action Plaintiffs shall withdraw their claims seeking the dismissal of the Bankruptcy Cases, being asserted in adversary proceedings commenced by Wisniewski and the Class Action Plaintiffs in connection with the Bankruptcy Cases within ten (10) days of the date of this Agreement. Wisniewski and the Class Action Plaintiffs' remaining claims being asserted in the adversary proceedings objecting to the dischargeability of any of their claims pursuant to 11 U.S.C. § 523(a)(6) and objecting to the discharge of Pawel Capala and Robert Capala in their respective Bankruptcy Cases pursuant to 11 U.S.C. § 727(c), (d) and (e) will be preserved.

13.    ***Withdrawal of Fraudulent Conveyance Claims Asserted In Bankruptcy Cases.*** In consideration of the Pawel Trustee and the Robert Trustee's agreements herein, Wisniewski and the Class Action Plaintiffs shall withdraw their claims seeking to avoid certain fraudulent transfers, being asserted in adversary proceedings commenced by Wisniewski and the Class Action Plaintiffs in connection with the Bankruptcy Cases within ten (10) days of the date of this Agreement.  Wisniewski and the Class Action Plaintiffs' remaining claims being asserted in the adversary proceedings objecting to the dischargeability of any of their claims pursuant to 11 U.S.C. § 523(a)(6) and objecting to the discharge of Pawel Capala and Robert Capala in their respective Bankruptcy Cases pursuant to 11 U.S.C. § 727(c), (d) and (e) will be preserved.

14.    ***Governing Law***.  This Agreement shall be construed in accordance with the laws of the state of New York and the obligations, rights and remedies of the Parties hereunder shall be determined in accordance with such laws without regard to any provision of New York law that would require the application of the law of another state or foreign country.

15.    ***Entire Agreement; No Modification***.  This Agreement embodies the entire agreement and understanding of the Parties affected herein with respect to the subject matter contained herein.  No restrictions, promises, representations, warranties, covenants or undertakings other than those expressly set forth or referred to herein have been made by the Parties.  This Agreement supersedes all prior agreements and understandings between the Parties with respect to the subject matter hereof, except that the Common Interest Agreement, which is a companion agreement to this Agreement, remains in full force and effect.  Any amendments or modifications to this Agreement must be in writing and signed by or on behalf of all the Parties to the Agreement, and no verbal communication or course of conduct by the Parties will be deemed to have amended, modified, or altered this Agreement in any way unless expressed in writing and signed by or on behalf of all the Parties to the Agreement.

16.    ***Limited Waivers***.  Any waiver in any particular instance of the rights and limitations contained herein shall not be deemed, and is not intended to be, a general waiver of any rights or limitations contained herein and shall not operate as a waiver beyond the particular instance.

17.    ***Counterparts.***  This Agreement may be executed in counterparts that together shall constitute an original and complete Agreement.

18.    ***Opportunity to Consult with Counsel***.  By signing the Agreement, each Party acknowledges that it has read this Agreement, that it fully understands its content, and that it

has executed this Agreement voluntarily, knowingly, and with the benefit of advice of legal counsel of their own choosing.

19.    *Notices.*  Any notice, request, demand, instruction, or other communication to be given to any Party shall be in writing and may be delivered by overnight carrier, hand-delivery, or United States first-class certified mail, return receipt requested, to the Parties and counsel listed below.   Except as provided below, if notice is mailed pursuant to the terms of this provision, such notice shall be deemed to be delivered, whether actually received or not, upon deposit in a regularly maintained official depository of the United States Postal Service located in the continental United States.

If to the Pawel Trustee, to:

John P. Campo
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
Tel:  (212) 704-6075
e-mail:  john.campo@troutmansanders.com

If to the Robert Trustee, to:

Avrum J. Rosen
The Law Offices of Avrum J Rosen, PLLC
38 New Street
Huntington, NY
Tel:  (631) 423-8527
e-mail:  AJRLAW@aol.com

If to Wisniewski, individually, or the Class Action Plaintiffs, to:

Robert Wisniewski
Robert Wisniewski PC
225 Broadway
Suite 1020
New York, NY 10007
Tel:  (212) 267-2101
e-mail:  rw@rwapc.com

The notice addresses specified herein may be changed by any Party upon notice of such change to the other Parties in the manner provided herein for giving notice, provided, however, that any such address change notice shall only be effective upon actual receipt of such notice by all other Parties hereto.

28532541v6

**AGREED TO** as of date first written above, by:

Dated:  July 29, 2016

                    **JOHN S. PEREIRA, AS TRUSTEE**


                    By:   */s/John S. Pereira, Trustee*
                    Name: John S. Pereira, Trustee


                    **TROUTMAN SANDERS LLP**
                    Attorneys for John S. Pereira, as Trustee of
                    Pawel Capala Bankruptcy Estate



                    By:   */s/Scott E. Koerner*
                        John P. Campo
                        Scott E. Koerner
                        875 Third Avenue
                        New York, NY  10022
                        (212) 704-6075

                    **DEBRA KRAMER, AS TRUSTEE**


                    By:   */s/Debra Kramer, Trustee*
                      Name: Debra Kramer, Trustee


                    **LAW OFFICES OF AVRUM J. ROSEN, PLLC**
                    Attorneys for Debra Kramer, as Trustee of
                    Robert Capala Bankruptcy Estate


                    By:   */s/Avrum J. Rosen*
                        Avrum J. Rosen
                        38 New Street
                        Huntington, NY  11743
                        (631) 423-8527

28532541v6

**ROBERT WISNIEWSKI, Individually**


_____ */s/Robert Wisnieweski*
Robert Wisnieweski


**CLASS ACTION PLAINTIFFS**


By: _____ */s/Robert Wisnieweski*
Name:  Robert Wisniewski


**ROBERT WISNIEWSKI P.C.**
Attorneys for Class Action Plaintiffs


By: _____ */s/Robert Wisniewski*
Robert Wisniewski
225 Broadway, Suite 1020
New York, NY  10007
(212) 267-2101

# EXHIBIT B

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re:                                 :   Chapter 7

                                     :

ROBERT CAPALA,                   :   Case No. 15-42762 (NHL)

                                     :

           Debtor.          :

---------------------------------------------------------------- x

                                     :

In re:                                  :

                                     :   Chapter 7

PAWEL CAPALA,                 :

                                     :   Case No. 15-42763 (NHL)

           Debtor.          :

---------------------------------------------------------------- x

## ORDER APPROVING JOINT PROSECUTION AGREEMENT AND GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

Upon the motion (the "Motion")[1] of John S. Pereira (the "Pawel Capala Trustee"), as the chapter 7 trustee for the estate of Pawel Capala, and Debra Kramer (the "Robert Capala Trustee"; together with the Pawel Capala Trustee, the "Trustees"), as the chapter 7 trustee for the estate of Robert Capala (together with Pawel Capala, the "Debtors"), for entry of an Order pursuant to sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that certain Joint Prosecution Agreement dated as of July 29, 2016 (the "Joint Prosecution Agreement") by and between the Pawel Capala Trustee, the Robert Capala Trustee, and Robert Wisniewski, individually and as counsel for Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, Jan Swaltek, Artut Kosiorek and Henryk Stoklosa (the "Class Action Plaintiffs"); and it appearing to the Court that it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and proper notice of the Motion having been given; and no objections having been filed to the Motion; and the Court having found that the Joint Prosecution Agreement reflects a reasonable exercise of each of the Trustees' business judgment and is in the best interests of each of the Debtors' estates;

**IT IS HEREBY ORDERED** that:

1.    The relief sought in the Motion is granted;

2.    The Pawel Capala Trustee is hereby authorized to enter into the Joint Prosecution Agreement, a copy of which is attached to the Motion as Exhibit A;

3.    The Robert Capala Trustee is hereby authorized to enter into the Joint Prosecution Agreement, a copy of which is attached to the Motion as Exhibit A;

4.    The terms of the Agreement are approved;

5.    To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to allow the Parties to proceed with the District Court Motion to Avoid Transfers;

6.    To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified with respect to the appeal of the Fees Judgment heard and substantially affirmed by the United States Court of Appeals for the Second Circuit, pursuant to the Fees Judgment Appeal Order dated July 29, 2015.

7.    The Fees Judgment Appeal Order shall be deemed valid and fully enforceable, as if relief from the automatic stay was obtained prior to the entry of the Fees Judgment Appeal Order.

8.    The Court will retain jurisdiction to consider any disputes or other issues that may arise relating to this Order and/or the Agreement;

28526917v3

9.      The Pawel Capala Trustee and the Robert Capala Trustee are each hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Agreement and this Order; and

10.     This Order shall be effective immediately upon entry by the Court.

**SO ORDERED:**

DATED: Brooklyn, New York
            August ___, 2016

                                                **PROPOSED**

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

3

28526917v3