| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>In re:                                                       :<br>                                                                  : Chapter 7<br>PAWEL CAPALA,                                      :<br>                                                                  : Case No. 15-42763 (NHL)<br>                                     Debtor.   :<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | **Hearing Date and Time:**<br>**April 17, 2018 at 2:30 p.m.** |

## TRUSTEE'S RESPONSE AND OBJECTION TO MOTION TO DISMISS BANKRUPTCY CASE FILED BY JENNIFER CAPALA

John S. Pereira, as chapter 7 trustee ("Trustee"), for the bankruptcy estate of Pawel Capala (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his counsel, hereby files this response and objection to the Motion to Dismiss Bankruptcy Case filed by Jennifer Capala ("Ms. Capala") [Doc. No. 60] (the "Motion to Dismiss").

### PRELIMINARY STATEMENT

This Bankruptcy case was filed almost three (3) years ago, on June 12, 2015. Prior to this filing, the Trustee believes that the Debtor and Ms. Capala fraudulently transferred certain real property to evade creditors who were about to be awarded a money judgment against the Debtor and other defendants. On June 8, 2017, ten months ago, the Trustee filed a lawsuit in the Eastern District of New York District Court to avoid and recover various fraudulent transfers for the benefit of the Debtor's estate. Ms. Capala, now, at the midnight hour, has retained new counsel who is trying to undo the Trustee's work during the past three years through a completely frivolous and untimely motion. The Court should see the Motion to Dismiss for what it truly is: a collateral attack to a lawsuit that Ms. Capala would prefer did not exist in order to keep property which she is not entitled to keep.

44826071;1

## BACKGROUND

**Litigation Preceding the Bankruptcy Filing and the Transfers of the Debtor's Property to Ms. Capala and Fire Hill Holdings LLC**

1. On August 29, 2007, Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, Jan Swaltek, Artut Kosiorek and Henryk Stoklosa (the "District Court Plaintiffs") filed an action for violations of the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, New York State Labor Law, and New York state common law, against the Debtor, his brother Robert Capala and Capala Brothers, Inc. (the "District Court Defendants") in the United States District Court for the Eastern District of New York [Case No. 07-03629-ILG-SMG] (the "Gortat Action").

2. Following a lengthy trial, on June 19, 2013 the District Court entered a money judgment in favor of the District Court Plaintiffs and against the District Court Defendants in the amount of $293,212.41 (the "District Court Judgment"), and on August 4, 2014, the District Court entered a judgment for attorneys' fees and costs in favor of Robert Wisniewski, as counsel for the District Court Plaintiffs and against the District Court Defendants in the amount of $582,578.50 (the "Fees Judgment"; collectively with the District Court Judgment, the "Judgments").

3. The District Court Judgment was affirmed on appeal by Mandate dated November 13, 2014.

4. On June 3, 2013, a mere two weeks before the District Court Judgment was entered, and with the intent to hinder, delay, and defraud creditors of the Debtor, the Debtor and Ms. Capala transferred their interest in property located at 246 Frost Street, Brooklyn (the "Brooklyn Property") and 13 acres of unimproved real property located on Stagecoach Road, Hillsdale, New York from themselves to Fire Hill Holdings LLC ("Fire Hill Holdings"), a New York limited liability company in which Ms. Capala is the **sole** member.

5. Additionally, on or about June 3, 2013, the Debtor and Ms. Capala, using an online legal form, and allegedly without representation of counsel even though the Debtor at the time was represented by counsel in the pending Gortat Action, entered into what appears to be a Separation and Property Settlement Agreement (the "Separation Agreement"), whereby the Debtor agreed to transfer, *inter alia*, his interest in real property located at 152 Fire Hill Road, Spencertown, New York (the "Fire Hill Property") to Ms. Capala, free and clear of any right, title and interest of the Debtor. It is unclear whether the Debtor actually ever executed a deed transferring his interest in the Fire Hill Property. Neither the Debtor nor Ms. Capala had previously initiated a divorce action.

**The Bankruptcy Filing, the Schedules, and the District Court Litigation**

6. On June 12, 2015 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code with the Bankruptcy Court in the Eastern District of New York Bankruptcy Court through attorney Gabriel del Virginia ("Attorney Virginia").

7. On or about the Petition Date, the Plaintiff was appointed as the Trustee of the Debtor's estate.

8. As set forth in Debtor's Schedules to his bankruptcy petition, the Debtor claims that he stills owns the Fire Hill Property as a "Joint Tenant" and claims a homestead exemption in the Fire Hill Property [ECF No. 13].

9. The Debtor currently lists the Fire Hill Property as his current address in the case and has not filed a "Change of Debtor(s) Address" form with the Court.

10. On October 6, 2016, the Bankruptcy Court approved the Joint Prosecution Agreement entered into by the District Court Plaintiffs, the Trustee, and Debra Kramer, as the chapter 7 trustee for the estate Robert Capala [ECF No. 46].

11. Pursuant to the Order Approving Joint Prosecution Agreement, the standing reference to the Bankruptcy Court was withdrawn to permit the Trustees to commence and proceed with any fraudulent transfer litigation in the District Court.

12. On June 8, 2017, approximately 10 months ago, the Trustee filed his complaint (the "Complaint") against the Debtor, Ms. Capala, and Fire Hill Holdings, LLC, seeking to undo the fraudulent transfers of the real properties, in the United States District Court for the Eastern District of New York [ECF No. 1 in Case No. 1:17-cv-03434-ILG-SMG] (the "Fraudulent Transfer Action").

13. On September 6, 2017 Ms. Capala filed her answer and affirmative defenses to the Complaint and failed to raise any issues as to the venue or any of the other issues raised in the Motion to Dismiss [ECF No. 10 in Case No. 1:17-cv-03434-ILG-SMG].

14. On March 1, 2018 Ms. Capala filed the Motion to Dismiss.

15. On March 19, 2018, Ms. Capala filed a Motion for (i) Leave to Amend Answer Filed by Ms. Capala and Fire Hill Holdings, LLC and (ii) Change of Venue [ECF No. 34 in Case No. 1:17-cv-03434-ILG-SMG] (the "Motion to Amend and Change Venue") relying at least in part, on the Motion to Dismiss filed before this Court. On April 3, 2013, the Trustee filed a memorandum in opposition to the Motion to Amend and Change Venue. [ECF No. 37 in Case No. 1:17-cv-03434-ILG-SMG].

## ARGUMENT

16. The Motion should be denied for a number of reasons. First, the Motion should be denied because Ms. Capala has no standing in this bankruptcy case to seek dismissal as she is not a "party in interest" as required by Bankruptcy Rule of Civil Procedure 1014 ("Rule 1014"). Second, the Motion to Dismiss is untimely. Third, the Debtor's principal place of business and substantial assets of the estate are located within the Eastern District of New York. Fourth, the

"interests of justice" and the "convenience of the parties" weigh almost entirely in favor of keeping this chapter 7 case in this Court.

**Applicable Statutes and Rules**

17. There are two statutes and one rule that inform the venue analysis in bankruptcy cases: 28 U.S.C. §§ 1408, and 1412, and Rule 1014.

18. 28 U.S.C. § 1408(1) sets forth four alternative bases for proper venue and provides that:

> …a case under title 11 may be commenced in the district court for the district-
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and eighty- day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district...

28 U.S.C. § 1408 (1).

19. 28 U.S.C. § 1412 addresses changes of venue and provides that a bankruptcy court may transfer "a case or proceeding under Title 11 to a district court for another district, in the interest of justice and for the convenience of the parties."

20. Rule 1014(a) provides the procedure for implementing the foregoing statutes:

> (a) Dismissal and transfer of cases.
>
> (1) *Cases filed in proper district.* If a petition is filed in the proper district, the court, **on the timely motion of a party in interest** or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

> (2) *Cases filed in improper district*. If a petition is filed in an improper district, the court, **on the timely motion of a party in interest** or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Rule 1014(a (emphasis added).

**Ms. Capala Lacks Standing to Bring the Motion to Dismiss**

21. Ms. Capala lacks standing to bring the Motion to Dismiss before the Court. Ms. Capala knew of the bankruptcy from the moment it was filed, as she was represented, according to the Motion to Dismiss, by Attorney Virginia who "represented Jennifer and Pawel together in all of the cases pending in the Eastern District." Motion to Dismiss p. 4-5.

22. At no point, even after the filing of the Complaint, has Ms. Capala filed a claim or otherwise asserted an interest in this case. Ms. Capala's tie to this case is therefore only as a defendant to the Trustee's Fraudulent Transfer Action.

23. Only a "party in interest" may bring a timely motion to dismiss a case if filed in the improper district pursuant to Rule 1014. "Party in interest" is not defined anywhere in the Bankruptcy Code or in the Bankruptcy Rules of Civil Procedure.

24. To qualify as a "party in interest," a party "must have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607–08 (7th Cir.1998); *see In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir.1992) (describing standing to appeal a bankruptcy order as limited to those "directly and adversely affected pecuniarily" by that order). "[L]imits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases." *In re Deist Forest Prods., Inc.*, 850 F.2d 340, 341 (7th Cir.1988); *See also In re Comcoach Corp.*,

698 F.2d 571, 573 (2d Cir. 1983) ("When interpreting the meaning of Code terms such as 'party in interest,' we are governed by the Code's purposes.").

25. Ms. Capala's standing as a non-creditor defendant to the Trustee's fraudulent transfer lawsuit does not grant her "party in interest" status. *See, e.g. In re Manshul Constr. Corp.*, 223 B.R. 428, 431 (Bankr.S.D.N.Y.1998) (Defendant non-creditors to Trustee's lawsuit "only ground for standing is as defendants in the Adversary Proceeding"); *Ebner v. Kaiser, et al. (In re Kaiser)*, 525 B.R. 697, 705–06 (Bankr. N.D. Ill. 2014) (non-creditor adversary defendant in fraudulent transfer action lacked standing to object to allowance of claim); *FBN Food Services, Inc.*, 1995 WL 230958 *4 (N.D. Ill. April 17, 1995) (same), appeal dismissed, 82 F.3d 1387 (1996); *In re Delta Underground Storage Co., Inc.*, 165 B.R. 596 (Bankr. S.D. Miss. 1994) (defendant in adversary proceeding lacked standing to object to settlement in main case); *Still v. Fundsnet, Inc. (In re Southwest Equip. Rental)*, 152 B.R. 207 (Bankr. E.D. Tenn. 1992) (defendant in preference action by the trustee lacked standing to prosecute motion to convert).

26. Defendants to a trustee's lawsuit are always going to want the underlying bankruptcy that brought the trustee to their doorstep to be dismissed. Ms. Capala, as a defendant to the Fraudulent Transfer Action, lacks standing in the bankruptcy itself to ask for dismissal of the case for that very reason and pursuant to the case law cited above.

**The Motion to Dismiss is Untimely**

27. Failure to timely raise a venue objection results in a waiver of the ability to object to venue. *Bryan v. Land (In re Land)*, 215 B.R. 398, 402-3 (8th Cir. BAP 1997); Rule 1014 (a)(1) and (2), and the Advisory Committee Notes to the 1987 amendments of that Rule ("[i]f a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived."). "Unlike the matter of jurisdiction, venue was (and remains) a privilege personal to each defendant, which can be waived, and is waived by him unless timely objections are interposed." 1 COLLIER ON

BANKRUPTCY, P 4.06[3] (16th ed. 2011); *see Panama Railroad Co. v. Johnson*, 265 U.S. 375 (1924); *In re Sauer*, 2000 WL 33712207 (Bankr. D. Idaho June 8, 2000).

28. Court's vary in their interpretation of when venue motions filed pursuant to Rule 1014 are untimely. Generally, "[w]hat constitutes timely filing of such a motion is not governed by a statutory or rule definition; whether a motion to change venue has been timely filed depends on the facts and circumstances presented in the particular case." *Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 802 (10th Cir. BAP 1998).

29. Three years have passed since the case was filed. The Trustee has since spent considerable resources in investigating potential estate assets, which investigation culminated in the discovery of the fraudulent transfers of the real properties. The Trustee then coordinated with other interested parties to enter into the Joint Prosecution Agreement and, on June 8, 2017, filed the Complaint, to which Ms. Capala responded to September 9, 2017.

30. Ms. Capala has acknowledged the validity of the bankruptcy proceeding for years, and is now, for the first time blaming counsel, Attorney Virginia, for not timely bringing this motion earlier. If Attorney Virginia did not properly represent Ms. Capala, that issue is between Ms. Capala and Attorney Virgina, and should not affect the Trustee, who has been proceeding in good faith to obtain a distribution for creditors. The presumption in this circumstance should be that the interests of Ms. Capala and the Debtor, when this bankruptcy was filed, if they were represented by the same attorney, were aligned.

31. Significant efforts and events have taken place in this case with the knowledge and acquiescence of Ms. Capala, which is an important factor that courts consider when determining whether a venue motion is timely. *See In re Pickett*, 330 B.R. 866, 871 (Bankr. M.D. Ga. 2005) (finding that United States Trustee's motions to transfer or dismiss debtors' bankruptcy cases for improper venue were untimely where there were sufficiently substantial developments in the

cases); and *In re Deabel, Inc.*, 193 B.R. 739, 743 (Bankr. E.D. Pa. 1996) (finding that if "a party has submitted itself to the jurisdiction of the court by litigating a matter of substance, or if substantial developments have transpired in the case in general, ... waiver of an objection to venue could be found."). Filing an answer is a matter of substance to a lawsuit.

33. Further, Ms. Capala cannot and does not cite to a single bankruptcy decision dealing with a case that has been pending for almost 3 years, in which significant developments have taken place, and in which the party objecting to venue has acquiesced to the venue on numerous occasions.

**The Eastern District of New York is Where the Debtor's Principal Place of Business and Where Substantial Estate Assets Are Located**

33. The four tests for venue - residence, domicile, principal place of business, location of principal assets - are given in the alternative and any of the four is jurisdictionally sufficient. By providing four alternative bases for proper venue, the statute allows many possible locations where an entity or individual may file for bankruptcy protection. *In re Campbell*, 242 B.R. 740, 745 (Bankr. M.D. Fla. 1999).

34. The Debtor lists two businesses on his schedules, Capala Brothers, Inc., ("CBI") which has its principal place of business in 216 Frost St. Brooklyn, New York, 11211, and is located within the Eastern District of New York, and Crystal Clear Development, LLC. Although Ms. Capala claims that CBI does "not even exist," CBI certainly does exist and is listed as "ACTIVE" in the New York State Department of State, Division of Corporations, State Records & UCC registry.

35. The Brooklyn Property, which the Trustee is seeking to recover and which the Trustee believes belongs to the estate, is also located in the Eastern District of New York. The

Brooklyn property has an approximate value of $3.0 to $4.0 million and is by far the most valuable asset which the Trustee expects to recover in this case.

36.     Finally, the District Court Action and the Fraudulent Transfer Action are both pending before the District Court for the Eastern District of New York, and both of these cases are intertwined with the filing of this bankruptcy case.

37.     Nothing in the Motion to Dismiss, which is all based on speculation and "upon information and belief," without even an affidavit or affirmation as support, contradicts any of the irrefutable ties of this bankruptcy to the Eastern District of New York. Based on the four venue categories, this case meets two out of the four, principal place of business and location of principal assets, and venue is therefore proper in the Eastern District of New York.

**Neither the Convenience of the Parties Nor the Interest of Justice Warrant Transferring Venue**

38.     Pursuant to 28 U.S.C. § 1412(a)(1) and (a)(2), although Ms. Capala is not asking for this relief, the Court may transfer this case to another district "in the interest of justice or for the convenience of the parties."

39.     Venue is presumed to be proper in the district in which a debtor files, and the party challenging venue bears the burden of proof, by a preponderance of the evidence, that venue is not proper. *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F. 2d 1384 (2nd Cir. 1990); *In re Peachtree Lane Assocs.*, 150 F.3d 788, 792 (7th Cir. 1998); *In re Pettit*, 183 B.R. 6 (Bankr. D. Mass. 1995).

40.     "Where transfer would merely shift the inconvenience from one party to the other, or where after balancing all the factors, the equities leaned only slightly in favor of the movant, the debtor's choice of forum should not be disturbed.". *In re Enron*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002) (citations omitted).

41. When considering the convenience of the parties, courts weigh the following factors:

> 1. The proximity of creditors of every kind to the Court;
> 2. The proximity of the debtor to the Court;
> 3. The proximity of the witnesses necessary to the administration of the estate;
> 4. The location of the assets;
> 5. The economic administration of the estate; and
> 6. The necessity for ancillary administration if liquidation should result.

*In re Enron*, 274 B.R. at 343 (Citations omitted).

42. Although the Enron case was in the chapter 11 context, the factors are still relevant. All factors weigh in favor of keeping this case in the Eastern District: 1) the most important creditors, the District Court Plaintiffs, are located in this jurisdiction; 2) the Debtor filed his petition in this Court and it has not been difficult for him to attend, either in person or through his attorney, and participate in this bankruptcy proceeding; 3) the Trustee, the party central to the administration of this estate, resides in Eastern District and has his office in the Southern District; 4) the most valuable asset that the estate hopes to recover, the Brooklyn Property, is located in the Eastern District; 5) the Trustee has already spent extensive resources in the administration of this estate and is familiar with it; and 6) this is already a liquidation.

43. Ms. Capala's argument that this bankruptcy case is causing her "prejudice" is also internally inconsistent. Ms. Capala argues that the bankruptcy proceeding is forcing her to litigate in a "foreign District" while arguing at the same time that dismissal will not prejudice the District Court Plaintiffs because the "creditors in the Civil Action…undoubtedly will continue apace once the Trustee's Action is dismissed" even though the Gortat Action is also pending in the Eastern District. Further, the argument that the bankruptcy is forcing Ms. Capala to fight in two fronts is inaccurate given that the Joint Litigation Agreement ensures only one case is going forward seeking to undo the fraudulent transfers as alleged in the Complaint.

44. Finally, the allegations in the Motion to Dismiss that the schedules contain inaccurate information, even if true, are not a reason for the Court to dismiss, but rather serve as the basis for the Trustee or another party in interest to bring a complaint objecting to the entry of the Debtor's discharge pursuant to 11 U.S.C. §727.

## CONCLUSION

This bankruptcy case has been pending for over three years and significant developments have taken place over that time. Ms. Capala, who as a defendant to the Trustee's lawsuit is not a party in interest in this bankruptcy case, is trying to bring an untimely and frivolous motion to dismiss this bankruptcy case in an attempt to bypass litigating over her receipt of fraudulent transfers of substantial value from the Debtor. The Court should summarily deny this attempt at gamesmanship.

**WHEREFORE**, based upon the foregoing, the Trustee respectfully requests that the Court enter an order denying the Motion to Dismiss.

Dated: New York, New York
     April 10, 2018

**AKERMAN LLP**

By: */s/John P. Campo*
John P. Campo
Scott M. Kessler
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. No. (212) 880-3800
E-mail: john.campo@akerman.com
E-mail: scott.kessler@akerman.com

*Counsel for Trustee John S. Pereira, Chapter 7 Trustee for the bankruptcy estate Pawel Capala*