**HEARING DATE AND TIME: JULY 6, 2023 AT 10:30 A.M.**
**OBJECTION DEADLINE DATE AND TIME: JUNE 29, 2023 AT 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                              :    Chapter 7
                                                   :
PAWAL CAPALA,                                      :    Case No. 15-42763 (NHL)
                                                   :
                          Debtor.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF TELEPHONIC HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 BY AND BETWEEN
THE TRUSTEE, THE DEBTOR, JENNIFER CAPALA, FIRE HILL HOLDINGS, LLC,
ROBERT WISNIEWSKI  AND THE GORTAT JUDGMENT CREDITORS**

**PLEASE TAKE NOTICE** that a telephonic hearing on *Chapter 7 Trustee's Motion for Approval of Settlement Agreement Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019* (the "**Motion**") by and between the Trustee, Pawel Capala (the "**Debtor**"), Jennifer Capala ("**J. Capala**") and Fire Hill Holdings, LLC ("**Fire Hill**," together with the Debtor and J. Capala, the "**Defendants**") and Robert Wisniewski ("**R. Wisniewski**"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("**Gortat Judgment Creditors**") will be held on **July 6, 2023 at 10:30 a.m. (ET)** before the Honorable Nancy H. Lord, United States Bankruptcy Judge, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East – Courtroom 3577, Brooklyn, NY 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Judge Nancy H. Lord's Procedures, the Hearing will be conducted telephonically.  All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances.  eCourt

Appearances registration is required by both attorneys and non-attorney participants.[1]  Once registered, eCourt Appearances will email the telephone number and/or video link for your hearing.  You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until **48 hours before the hearing date**.  Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the telephone number and/or video link.

**PLEASE TAKE FURTHER NOTICE** the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections, or other responses shall be filed and served no later than **June 29, 2023 at 4:00 p.m. (ET)**, must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, include in the upper right hand corner of the caption, the ECF docket number to which the filing relates, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 and served via e-mail upon Akerman LLP, Attorney for the Plaintiff, to John P. Campo john.campo @akerman.com together with proof of service thereof.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing **telephonically** unless otherwise ordered by the Bankruptcy Court. Failure to appear may result in relief being granted as requested.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by that time, the relief may be granted as requested.

---

[1] Those without CM/ECF accounts may access the program on the website at
https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl

70086734;2

Dated: New York, New York
      June 14, 2023

                                 **AKERMAN LLP**

                                By:   */s/John P. Campo*
                                     John P. Campo
                                   Scott M. Kessler
                                   1251 Avenue of the Americas, 37th Floor
                                   New York, New York 10020
                                   Telephone: (212) 880-3800
                                   E-mail: john.campo@akerman.com
                                   E-mail: scott.kessler @akerman.com

                                 *Counsel for the Trustee*

**HEARING DATE AND TIME: JULY 6, 2023 AT 10:30 A.M.**
**OBJECTION DEADLINE DATE AND TIME: JUNE 29, 2023 AT 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                                  :    Chapter 7
                                                       :
PAWAL CAPALA,                                          :    Case No. 15-42763 (NHL)
                                                       :
                                    Debtor.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 BY AND BETWEEN THE TRUSTEE, THE DEBTOR, JENNIFER CAPALA, FIRE HILL HOLDINGS, LLC, ROBERT WISNIEWSKI AND THE GORTAT JUDGMENT CREDITORS

John S. Pereira, chapter 7 trustee (the "**Trustee**") for the estate of Pawel Capala (the "**Debtor**"), by and through his undersigned counsel, hereby moves (the "**Motion**") this Court, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order approving a Settlement Agreement (the "**Settlement Agreement**") entered into by and between the Trustee, Pawel Capala (the "**Debtor**"), Jennifer Capala ("**J. Capala**") and Fire Hill Holdings, LLC ("**Fire Hill**," together with the Debtor and J. Capala, the "**Defendants**") and Robert Wisniewski ("**R. Wisniewski**"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("**Gortat Judgment Creditors**") (Trustee, Defendants, R. Wisniewski and the Gortat Judgment Creditors are each referred to herein as a "**Party**" and jointly as the "**Parties**").  A copy of the Settlement Agreement[2] is attached hereto as **Exhibit 1**.  In support of the Motion, the Trustee represents as follows:

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Agreement.

70086734;2

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that it is a matter concerning the administration of the Debtor's estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

3.      On June 12, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**").

4.      On or about June 12, 2015, Debra Kramer was appointed as chapter 7 trustee for the Debtor's estate.

5.      On or about September 23, 2015, the Trustee was appointed as successor chapter 7 trustee for the Debtor's estate.

## THE ACTIONS

### The Discharge Action

6.      On June 19, 2018, the Trustee brought an action against the Debtor in the Bankruptcy Court, *In re: Pereira v. Pawel Capala*, Adv. No. 18-01073 (NHL) (the "Discharge Action"), objecting to the Debtor's discharge.

7.      On August 2, 2018, the Debtor filed his answer to the Complaint [ECF Adv. No. 4].

8.      On October 17, 2018, the Court entered a Pretrial Scheduling Order [ECF Adv. No. 5], which discovery deadlines were extended pursuant to various Stipulations and Orders.

70086734;2

**The Fraudulent Conveyance Action**

9.      On June 8, 2017, the Trustee brought an action against the Debtor, J. Capala and Fire Hill in the United States District Court for the Eastern District of New York (the "District Court")**,** *In re: Pereira v. Pawel Capala, et al.*, Case No. 17-cv-03434 (ILG) (the "**Fraudulent Conveyance Action**" or "**FCA**"), seeking to avoid and preserve, for the benefit of the Debtor's estate, transfers of real properties made by the Debtor and his then wife J. Capala, to J. Capala and her related entity, Fire Hill, after a jury verdict and before a judgment was entered, against the Debtor and in favor of the Gortat Judgment Creditors, in *In re: Miroslaw Gortat, et al. v. Capala Brother, Inc., et al.,* Case No. 07-cv-03629 (ILG) ("**Gortat Action**").

10.      The transferred properties consist of a converted firehouse located at 246 Frost Street, Brooklyn, NY ("**Frost Street**"); (2) a marital residence located at 152 Fire Hill Road, Spencertown, NY ("**Spencertown**"); and (3) undeveloped land in Hillsdale, NY ("**Hillsdale**," together with Frost Street and Spencertown, the "**Properties**").

11.      During the pendency of and FCA the Trustee caused lis pendens (the "Lis Pendens") to be filed against the Properties and obtained an order from the District Court directing that the rent proceeds from Frost Street be swept monthly and held in escrow (the "**Rent Escrow**") by the Trustee.

**The Discharge/Dischargeability Action**

12.      On September 11, 2015, R. Wisniewski filed an action in the Bankruptcy Court objecting to the Debtor's discharge and the dischargeability of the judgment in the Gortat Action, *In re: Miroslaw Gortat, et al. v. Pawel Capala*, Adv. No. 15-42763 (NHL) (the "**Discharge/Dischargeability Action**");

## PROPOSED SETTLEMENT

13.     After arms' length negotiations, the Trustee reached a settlement with the Debtor, J. Capala, Fire Hill, R. Wisniewski and the Gortat Judgment Creditors, pursuant to which the Parties have agreed to compromise and settle all of their claims and disputes.  Pursuant to the terms of the Settlement Agreement, *see* Exhibit 1,[3] the Parties have agreed to, *inter alia*, the provisions set forth below.

14.     The Settlement Agreement is subject to approval by the Bankruptcy Court, and shall not become effective until the Bankruptcy Court has entered an order approving the Settlement Agreement (the "**Approval Order**"), that becomes a final Approval Order (the "**Final Approval Order**").   A Final Approval Order shall be an Approval Order entered after no objections or, to the extent any objection(s) are raised, upon resolution of the objection(s) and expiration of any applicable appeal period.

## SETTLEMENT TERMS

15.     J. Capala shall pay to the Trustee the total sum of One Million One Hundred Sixty-Five Thousand ($1,165,000) U.S. Dollars (the "**Settlement Amount**") by certified or bank check made payable to "John S. Pereira, as Ch. 7 Trustee for the estate of Pawel Capala," and delivered to the Trustee at 35-35 221st Street, Bayside, New York 11361 so as to be received within thirty (30) days after full execution of the Settlement Agreement.  The Settlement Amount is separate and apart from the Rent Escrow currently being held by the Trustee.

16.     J. Capala's failure to timely remit the Settlement Amount in accordance with the Settlement Agreement, will be deemed to be a default of the District Court Order approving the

---

[3] The summary of the terms of the Settlement Agreement set forth in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement. In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

terms of the Settlement Agreement, and the Trustee will have the authority to seek any and all remedies available against J. Capala for failing to remit the Settlement Amount and for failing to obey the District Court Order.

17.     If the Settlement Amount is received by the Trustee before the entry of a Final Approval Order, the Trustee shall hold the Settlement Amount in escrow pending the approval of the Settlement Agreement by the Bankruptcy Court and the entry of a Final Approval Order.  Upon entry of the Final Approval Order and consummation of the obligations of the Trustee, the Settlement Amount and the Rent Escrow shall be deemed property of the Debtor's estate, the Trustee shall release the Lis Pendens and any and all claims on the Properties, the Defendants shall be deemed to have released any and all claims against the Debtor's estate and the Rent Escrow, and the Parties shall be deemed to have released each other from any and all claims, including but not limited to any claims in the FCA, the Gortat Action, the Discharge Action, and the Discharge/Dischargeability Action.

18.     The Parties agree that the release provisions that are set forth in the Settlement Agreement shall be effective and enforceable upon entry of the Final Approval Order and the consummation of the obligations of the Parties thereunder. Simultaneously upon the execution of the Settlement Agreement, the parties shall execute four original duplicate mutual releases (the "**Mutual Releases**") in the form attached as Exhibit "A" to the Settlement Agreement.  Counsel for the Trustee and counsel for J. Capala and Fire Hill shall each hold two duplicate executed original Mutual Releases in escrow which, upon notice to all Parties, may be released from escrow and delivered to a Party, provided such Party has completed all of their obligations under the Settlement Agreement.

19.     Upon entry of the Final Approval Order and the Mutual Releases having been executed and held in escrow, the Trustee shall be authorized to take legal and actual possession of the Rent Escrow and the Settlement Amount, which the Trustee may use to satisfy claims, distributions, administrative fees, commissions and expenses in the Debtor's bankruptcy case.

*Amendment to R. Wisniewski Claim*

20.     Within thirty (30) days after execution of the Settlement Agreement, and provided that the Trustee has received the Settlement Amount, R. Wisniewski will file, in the Debtor's bankruptcy case, an amendment to Claim No. 14, which will be an allowed claim in the amount of Four Hundred Forty-Six Thousand Four Hundred Forty-Six Dollars ($446,446) (the "**R. Wisniewski Claim**"). The R. Wisniewski Claim shall be paid in full to "Robert Wisniewski P.C." through a distribution by the Trustee in the Debtor's bankruptcy estate, within sixty (60) days after the entry of the Final Approval Order.

21.     The Parties agreed not to file any objections to the R. Wisniewski Claim. R. Wisniewski waives any and all further or other claims against the other Parties and the Debtor's estate.

*Amendment to Gortat Claims*

22.     Within thirty (30) days after the execution of the Settlement Agreement, and provided that the Trustee has received the Settlement Amount, the Gortat Judgment Creditors (or R. Wisniewski, on behalf of the Gortat Judgment Creditors), shall file, in the Debtor's bankruptcy case, amendments to Claim Nos. 6A, 7A, 8A, 9A, 10A, 11A and 13 (the "**Gortat Claims**") to reduce the amount of those claims by the amounts previously received by the Gortat Judgment Creditors in the Robert Capala bankruptcy case so that the total amount of the Gortat Claims in the aggregate shall not exceed $150,528.84, which amount shall be paid in full in the Debtor's

70086734;2

bankruptcy case through a distribution by the Trustee made within sixty (60) days of the entry of the Final Approval Order (the "**Distribution**").

23.     The Distribution shall be made payable to the Gortat Judgment Creditors in the amounts of their respective claims and mailed to them c/o Robert Wisniewski, P.C. In the event, any Gortat Judgment Creditor requests in writing to the Trustee that their payment be sent to "Robert Wisniewski P.C. – IOLA as Attorney for the Gortat Judgment Creditors" it shall be sent as requested.  The Parties agreed not to file any objections to the Gortat Claims.

*Debtor's Amendment to Schedule C*

24.     Within thirty (30) days after execution of the Settlement Agreement, the Debtor shall file an amendment to Schedule C - Property Claimed as Exempt - to reflect withdrawal of the homestead exemption of the Spencertown property, and the Debtor waives any and all claims to a distribution of any kind in the Debtor's bankruptcy case.

*Fee Applications*

25.     Within thirty (30) days of the payment of the Settlement Amount, the Trustee and his professionals shall file final fee applications in the Debtor's bankruptcy case for the payment of final administrative fees, commissions and expenses in the Debtor's bankruptcy case. The Debtor and Defendants agreed not to object to the Trustee's and the Trustee's professionals' fee applications. The Gortat Judgment Creditors and R. Wisniewski (on behalf of the Gortat Judgment Creditors), agreed not to object to the Trustee's and the Trustee's professionals' fee applications provided that the payment of those applications will not result in any reduction of the full payment of the R. Wisniewski Claim and the Gortat Claims. The Trustee agrees that the final fee applications awarded and paid shall not exceed any amount that, after payment, would result in any reduction of the payment of the R. Wisniewski Claim and the Gortat Claims.

*Withdrawal of Objections to Debtor's Discharge/Dischargeablity*

26.     Upon entry of the Final Approval Order, the Trustee, on behalf of the Debtor's estate, and R. Wisniewski, on behalf of himself and the Gortat Judgment Creditors, shall withdraw their pending objections to the Debtor's discharge/dischargeability in the Debtor's bankruptcy case and the Parties shall file stipulations dismissing the Discharge Action and the Discharge/Dischargeability Action with prejudice and without costs to either party.

*Releases*

27.     Defendants, R. Wisniewski and the Gortat Judgment Creditors agreed that, upon the entry of the Final Approval Order and payment in full of the R. Wisniewski Claim and the Gortat Claims, they are deemed to have waived and released any and all claims and/or causes of action, filed or unfiled, as against the Debtor's estate and the Trustee and his professionals, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Actions, and the Gortat Action, and shall not, except as otherwise provided in the Settlement Agreement, assert any claim of any sort, including any claim pursuant to section 502(h) of the Bankruptcy Code, against the Debtor's estate, and that any such claims, filed or unfiled, by the Defendants, R. Wisniewski and the Gortat Judgment Creditors will be deemed waived, released and expunged as against the Debtor's bankruptcy estate and the Parties.

28.     The Parties agree that: (i) effective upon the Trustee's receipt of the Settlement Amount, the entry of the Final Approval Order, and the completion of all of the Defendants' obligations under the Settlement Agreement, the Trustee, the Gortat Judgment Creditors, and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors), will release any and all claims they have, ever had or may claim to have against the Debtor, J. Capala and Fire Hill; (ii) effective upon the Trustee's receipt of the Settlement Amount and the entry of the Final Approval

Order, the Gortat Judgment Creditors, and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors) will release any and all claims they have, ever had or may claim to have against the Trustee and the Debtor's estate; and (iii) upon entry of the Final Approval Order, the Debtor, J. Capala and Fire Hill will release any and all claims they have, ever had or may claim to have against the Trustee, the Gortat Judgment Creditors, and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors).

_Dismissal of Actions_

29.    Promptly after the entry of the Final Approval Order and the full payment of the Settlement Amount, the Parties will execute and file stipulations of dismissal, with prejudice and without costs (the "**Stipulations of Dismissal**"), of the FCA, the Discharge Action and the Discharge/Dischargeability Action.

## THE SETTLEMENT AGREEMENT SHOULD BE APPROVED BECAUSE IT IS IN THE BEST INTEREST OF THE DEBTOR'S ESTATE AND FALLS WITHIN THE RANGE OF REASONABLENESS

30.    Entry into the Settlement Agreement is in the best interest of the Debtor's estate and should be approved under Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

31.    In granting a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is (a) fair and equitable and (b) is in the best interest of the debtor's estate. _See In re Refco Inc._, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligation is to determine whether a settlement is in the best interests of the estate"); _In re Iridium Operating LLC_,

478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to settlements pursuant

to Bankruptcy Rule 9019); *In re Enron Corp.*, No. 02 Civ. 8489, 2003 WL 230838, at *2 (S.D.N.Y.

Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is

both fair and equitable and in the best interests of the estate.") (quotation omitted).

32.     In deciding whether a particular settlement falls within the "range of

reasonableness," courts in the Second Circuit consider the following factors: (a) the probability of

success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the

litigation, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount

interest of the creditors. *Nellis*, 165 B.R. at 122 (citation omitted).*citing In re Drexel Burnham

Lambert Group*, 960 F.2d 285, 292 (2d Cir. 1992)).

33.     While a court must evaluate "all . . . factors relevant to a full and fair assessment of

the wisdom of the proposed compromise." *Anderson*, 390 U.S. at 424-25, a court need not conduct

a mini-trial of the merits of the claims being settled, *W.T. Grant Co.,* 699 F.2d at 608, or conduct

a full independent investigation. *In re Drexel Burnham Lambert Group*, 134 B.R. 493, 496 (Bankr.

S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to decide 'the numerous questions of law

and fact . . . .'  The court need only canvass the settlement to determine whether it is within the

acceptable range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

34.     The court may give weight to the informed judgment of the trustee that a compromise

is fair and equitable. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993);

*accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that

test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his

choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve

that choice, even if, all things being equal, I would have selected the other."). The Trustee believes that the Settlement Agreement satisfies the standard for approval.

35.     The Trustee has concluded that the Settlement Agreement is fair and equitable, is in the best interest of the Debtor's estate, falls well within the range of reasonableness, and enables the Debtor's estate to avoid the cost of continued protracted litigation. The Trustee has concluded that the undertaking of more litigation in this matter, as opposed to settlement, would be an unnecessary drain on the resources of the Debtor's estate, and would divert the attention from the current efforts to maximize the value of the Debtor's estate. The Trustee believes that this settlement represents a benefit to the Debtor's estate, its creditors, and all parties in interest.

36.     The value accruing from the Settlement Agreement, including the elimination of further litigation costs, represents a tremendous benefit to the Debtor's creditors and all parties in interest. Accordingly, the Court should approve the Settlement Agreement pursuant to pursuant to Bankruptcy Rule 9019.

37.     No prior motion has been filed for the relief requested herein.

## NOTICE

38.     Notice of this Motion has been provided to (i) Office of the United States Trustee for the Eastern District of New York, (ii) the Debtor's counsel, (iii) J. Capala and Fire Hill, by their counsel; (iv) R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors); (v) all creditors, and (vi) all parties that, as of the filing of this Motion, have filed a notice of appearance in this case via the ECF notification system. The Trustee submits that no further notice of this Motion need be given.

## NO PRIOR REQUEST

39.    No previous request for the relief sought herein has been made to this or any other

court.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully request that the Court enter the

proposed order, attached hereto as **Exhibit 2**, granting the Motion, and grant such other and further

relief as it deems just and proper.

Dated: New York, New York
　　　　June 14, 2023

<div style="margin-left:40%">

AKERMAN LLP

By:____/s/John P. Campo____
　　　John P. Campo
　　　Scott Kessler
　　　1251 Avenue of the Americas, 37th Floor
　　　New York, New York 10020
　　　Telephone: (212) 880-3800
　　　E-mail: john.campo@akerman.com
　　　E-mail: scott.kessler@akerman.com

*Counsel to the Trustee*

</div>

12

**EXHIBIT 1**

**SETTLEMENT AGREEMENT**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                            :    Chapter 7
                                                 :
PAWAL CAPALA,                                    :    Case No. 15-42763 (NHL)
                                                 :
                            Debtor.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of June 6, 2023, by and between plaintiff John S. Pereira, as Chapter 7 Trustee for the estate of Pawel Capala ("Trustee"), and Pawel Capala (the "Debtor"), Jennifer Capala ("J. Capala"), Fire Hill Holdings, LLC ("Fire Hill," together with the Debtor and J. Capala, the "Defendants") and Robert Wisniewski P.C. ("R. Wisniewski"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("Gortat Judgment Creditors") (Trustee, Defendants, R. Wisniewski and the Gortat Judgment Creditors are each referred to herein as a "Party" and jointly as the "Parties").

## RECITALS

WHEREAS, on June 12, 2015, the Debtor filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York, and on or about September 23, 2015, the Trustee was appointed as the successor trustee of the Debtor's bankruptcy estate;

WHEREAS, on June 8, 2017, the Trustee brought an action against the Defendants in the United States District Court for the Eastern District of New York (the "District Court"), *In re: Pereira v. Pawel Capala, et al.*, Case No. 17-cv-03434 (ILG) (the "Fraudulent Conveyance Action" or "FCA"), seeking to avoid and preserve, for the benefit of the Debtor's estate, transfers of real properties made by the Debtor to J. Capala and her related entity, Fire Hill, after a jury verdict and before a judgment was entered against the Debtor and in favor of the Gortat Judgment

Creditors, in *In re: Miroslaw Gortat, et al. v. Capala Brother, Inc., et al.,* Case No. 07-cv-03629 (ILG) ("Gortat Action");

WHEREAS, the transferred properties consist of (1) a converted firehouse located at 246 Frost Street, Brooklyn, NY ("Frost Street"); (2) a marital residence located at 152 Fire Hill Road, Spencertown, NY ("Spencertown"); and (3) undeveloped land in Hillsdale, NY ("Hillsdale," together with Frost Street and Spencertown, the "Properties");

WHEREAS**,** during the pendency of the FCA the Trustee caused lis pendens (the "Lis Pendens") to be filed against the Properties and obtained an order from the District Court directing that the rent proceeds from Frost Street be swept monthly and held in escrow (the "Rent Escrow") by the Trustee;

WHEREAS, as of the date of this Agreement, the Rent Escrow totals approximately $519,001.50;

WHEREAS, on June 19, 2018, the Trustee brought an action against the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), *In re: Pereira v. Pawel Capala*, Adv. No. 18-01073 (NHL) (the "Discharge Action"), objecting to the Debtor's discharge.  The Discharge Action remains pending;

WHEREAS, on September 11, 2015, R. Wisniewski and the Gortat Judgment Creditors commenced an adversary proceeding in the Bankruptcy Court, *In re Miroslaw Gortat, et al. v. Pawel Capala*, Adv. No. 15-01160 (NHL) (the "Discharge/Dischargeability Action") objecting to the Debtor's discharge and the dischargeability of the judgment entered in the Gortat Action. The Discharge/Dischargeability Action remains pending;

WHEREAS, the Parties have met and conferred regarding the settlement of these matters separately and in a settlement conference held on April 17, 2023 before Magistrate Judge Cheryl

Pollak and have reached a settlement, the terms of which were placed on the record before Judge Pollak on April 17, 2023, subject to memorializing the terms in this Agreement.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises, covenants and conditions hereinafter set forth, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by the Parties, the Parties hereby agree as follows:

### Approval of this Agreement

1.     This Agreement is subject to the entry of an order by the Bankruptcy Court approving the Agreement (the "Approval Order") that becomes a Final Approval Order.  The Approval Order shall be deemed effective upon its entry.  A "Final Approval Order" shall be an Approval Order entered after no objections or, to the extent any objection(s) are raised, upon resolution of the objection(s) and expiration of any applicable appeal period.  Upon execution of this Agreement by the Parties, the Trustee shall promptly file a motion (the "Motion") seeking entry by the Bankruptcy Court of the Approval Order, shall use reasonable efforts to obtain a Final Approval Order, and the Parties shall reasonably cooperate and support the Motion in all respects.

### Settlement Terms

2.     J. Capala shall pay to the Trustee the total sum of One Million One Hundred Sixty-Five Thousand ($1,165,000) U.S. Dollars (the "Settlement Amount") by certified or bank check made payable to "John S. Pereira, as Ch. 7 Trustee for the estate of Pawel Capala," and delivered to the Trustee at 35-35 221st Street, Bayside, New York 11361 so as to be received within thirty

(30) days after full execution of this Agreement.  The Settlement Amount is separate and apart from the Rent Escrow currently being held by the Trustee.

3.        If J. Capala fails to timely remit the Settlement Amount in accordance with the terms set forth in paragraph 2 of this Agreement, she will be deemed to be in default of the District Court Order approving the terms of the Agreement and the Trustee will have the authority to seek any and all remedies available against J. Capala for failing to remit the payment and for failing to obey the District Court Order.  The provisions of this paragraph shall survive the termination of this Agreement and shall be applicable even if the Agreement has not been approved by the Bankruptcy Court.

4.        If the Settlement Amount is received by the Trustee before the entry of a Final Approval Order, the Trustee shall hold the Settlement Amount in escrow pending the approval of the Agreement by the Bankruptcy Court and the entry of a Final Approval Order.  Upon entry of the Final Approval Order and consummation of the obligations of the Trustee hereunder, the Settlement Amount and the Rent Escrow shall be deemed property of the Debtor's estate, the Trustee shall release the Lis Pendens and any and all claims on the Properties, the Defendants shall be deemed to have released any and all claims against the Debtor's estate and the Rent Escrow, and the Parties shall be deemed to have released each other from any and all claims, including but not limited to any claims in the FCA, the Gortat Action, the Discharge Action, and the Discharge/Dischargeability Action.  The Parties agree that the release provisions that are set forth in this Agreement shall be effective and efforceable upon entry of the Final Approval Order and the consummation of the obligations of the Parties hereunder.  Simultaneously upon the execution of this Agreement, the parties shall execute four original duplicate mutual releases (the "Mutual Releases") in the form attached as hereto as **Exhibit "A"**.  Counsel for the Trustee and counsel

for J. Capala and Fire Hill shall each hold two duplicate executed original Mutual Releases in escrow which, upon notice to all Parties, may be released from escrow and delivered to a Party, provided such Party has completed all of their obligations under this Agreement.

5.     Upon entry of the Final Approval Order and the Mutual Releases having been executed and held in escrow, the Trustee shall be authorized to take legal and actual possession of the Rent Escrow and the Settlement Amount, which the Trustee may use to satisfy claims, distributions, administrative fees, commissions and expenses in the Debtor's bankruptcy case.

6.     Within thirty (30) days after execution of this Agreement,  and provided that the Trustee has received the Settlement Amount, R. Wisniewski will file, in the Debtor's bankruptcy case, an amendment to Claim No. 14, which will be an allowed claim in the amount of Four Hundred Forty-Six Thousand Four Hundred Forty-Six Dollars ($446,446) (the "R. Wisniewski Claim").  The R. Wisniewski Claim shall be paid in full to "Robert Wisniewski P.C." through a distribution by the Trustee in the Debtor's bankruptcy estate, within sixty (60) days after the entry of the Final Approval Order.   The Parties hereby agree not to file any objections to the R. Wisniewski Claim.  R. Wisniewski hereby waives any and all further or other claims against the other Parties and the Debtor's estate.

7.     Within thirty (30) days after the execution of this Agreement, and provided that the Trustee has received the Settlement Amount, the Gortat Judgment Creditors (or R. Wisniewski, on behalf of the Gortat Judgment Creditors), shall file, in the Debtor's bankruptcy case, amendments to Claim Nos. 6A, 7A, 8A, 9A, 10A, 11A and 13 (the "Gortat Claims") to reduce the amount of those claims by the amounts previously received by the Gortat Judgment Creditors in the Robert Capala bankruptcy case so that the total amount of the Gortat Claims in the aggregate shall not exceed $150,528.84, which amount shall be paid in full in the Debtor's bankruptcy case

through a distribution by the Trustee made within sixty (60) days of the entry of the Final Approval Order (the "Distribution"). The Distribution shall be made payable to the Gortat Judgment Creditors in the amounts of their respective claims and mailed to them c/o Robert Wisniewski, P.C. In the event, any Gortat Judgment Creditor requests in writing to the Trustee that their payment be sent to "Robert Wisniewski P.C. – IOLA as Attorney for the Gortat Judgment Creditors." The Parties agree not to file any objections to the Gortat Claims.

8.      Within thirty (30) days after execution of this Agreement, the Debtor shall file an amendment to Schedule C - Property Claimed as Exempt - to reflect withdrawal of the homestead exemption of the Spencertown property, and the Debtor hereby waives any and all claims to a distribution of any kind in the Debtor's bankruptcy case.

9.      Within thirty (30) days of the payment of the Settlement Amount, the Trustee and his professionals shall file final fee applications in the Debtor's bankruptcy case for the payment of final administrative fees, commissions and expenses in the Debtor's bankruptcy case. The Debtor and Defendants agree not to object to the Trustee's and the Trustee's professionals' fee applications. The Gortat Judgment Creditors and R. Wisniewski (on behalf of the Gortat Judgment Creditors), agree not to object to the Trustee's and the Trustee's professionals' fee applications provided that the payment of those applications will not result in any reduction of the full payment of the R. Wisniewski Claim and the Gortat Claims. The Trustee agrees that the final fee applications awarded and paid shall not exceed any amount that, after payment, would result in any reduction of the payment of the R. Wisniewski Claim and the Gortat Claims.

10.      Upon entry of the Final Approval Order, the Trustee, on behalf of the Debtor's estate, and R. Wisniewski, on behalf of himself and the Gortat Judgment Creditors, shall withdraw their pending objections to the Debtor's discharge/dischargeability in the Debtor's bankruptcy case

and the Parties shall file stipulations dismissing the Discharge Action and the Discharge/Dischargeability Action with prejudice and without costs to either party.

**Releases**

11.    The Parties agree to the releases of any and all claims by and between the Parties as more specifically provided in the paragraphs below.  The releases agreed to within this Agreement shall be effective upon the entry of the Final Approval Order.

12.    The Defendants, R. Wisniewski and the Gortat Judgment Creditors agree that, upon the entry of the Final Approval Order and such other terms as required under this Agreement and payment in full of the R. Wisniewski Claim and Gortat Claims, they shall be deemed to have waived and released any and all claims and/or causes of action, filed or unfiled, as against the Debtor's estate, the Trustee, and the Trustee professionals, in the Debtors bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action, and shall not, except as otherwise provided herein, assert any claim of any sort, including any claim pursuant to section 502(h) of the Bankruptcy Code, against the Debtor's estate, and that any such claims, filed or unfiled, by the Defendants, R. Wisniewski and/or the Gortat Judgment Creditors shall be deemed waived, released, and expunged as against the Debtor's bankruptcy estate and the Trustee.

13.    Effective upon the Trustee's receipt of the Settlement Amount, the entry of the Final Approval Order, and the completion of all of the Defendants' obligations under the Agreement, the Trustee, the Gortat Judgment Creditors, and  Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors),  completely and fully release, acquit, and forever discharge Debtor, J. Capala and Fire Hill and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners,

predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Trustee, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors) may now have, has ever had, or may claim to have had, against the Debtor, J. Capala and Fire Hill and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action.

14.     Effective upon the Trustee's receipt of the Settlement Amount and the entry of the Final Approval Order, the Gortat Judgment Creditors, and  Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors), their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under him, shall and hereby does fully, finally,irrevocably, unconditionally and completely release, acquit and forever discharge the Trustee and his professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses,

interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors) may now have, has ever had, or may claim to have had, against the Trustee and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action.

15.    In addition, in a report and recommendation issued by Magistrate Gold in the Gortat Action,  the Court found that Capala Brothers, Inc. had conveyed 269 Withers Street, Brooklyn, New York (the "Withers Street Property") to 269 Withers Street, LLC, a limited liability corporation with members named Mieczyslaw Cielepak and Franciszka Cielepak (the "Purchasers") without receiving fair consideration in return.  The Purchasers were directed to pay $350,000 to R. Wisniewski and the Gortat Judgment Creditors. This decision has been appealed by the Purchasers to the District Court, and is awaiting a decision. R. Wisniewski and the Gortat Judgment Creditors' claim against the Purchasers in the amount of $350,000 is not affected by this Agreement, and the Trustee and the Defendants waive any and all claims with respect to the Withers Street Property, including any payment to R. Wisniewski and the Gortat Judgment Creditors from the Purchasers of the Withers Street Property.

16.    Upon entry of the Final Approval Order, the Debtor, J. Capala, and Fire Hill, their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under them, shall and hereby does fully, finally, irrevocably, unconditionally and completely and fully release, acquit, and forever

discharge the Trustee, Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors), and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Debtor, J. Capala and Fire Hill may now have, has ever had, or may claim to have had, against the Trustee, the Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors) and their professionals, and each other, arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Agreement.

**Dismissal of Actions**

17.     Promptly after entry of the Final Approval Order, and the full payment of the Settlement Amount, the Parties will execute and will file stipulations of dismissal, with prejudice and without costs, (the "Stipulations of Dismissal"), of the FCA, the Discharge Action, and the Discharge/Dischargeability Action.

**Entire Agreement**

18.    This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matters contained herein, and this Agreement may not be altered, amended, or modified in any respect, except by a writing duly executed by the Parties hereto or their successors in interest.

19.    Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the Parties and their legal representatives, successors, assigns, heirs, personal representatives, and predecessors in interest, but only after entry of the Final Approval Order by the Bankruptcy Court.

20.    The Parties each acknowledge and represent that they have been fully advised by legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed same.  The Parties further hereby each acknowledge that they have had input into the drafting of this Agreement.  Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any Party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

21.    **Governing Law.**  This Agreement shall be interpreted and construed in accordance with the laws of the State of New York.

22.    Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court and/or the District Court for the Eastern District of New York.

23.    This Agreement and the negotiations and discussions leading up to this Agreement and the transactions contemplated hereby affect the settlement of claims which are

contested, do not constitute, and nor shall they be construed as or offered as evidence in any action or proceeding of, an admission of liability or damages by any Party.

24.      The Parties shall bear their own costs, attorneys' fees and expenses in connection with the FCA, the Discharge Action, the Discharge/Dischargeability Action, and in connection with this Agreement except as otherwise set forth herein.

25.      **Counterparts**. This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument.  The Parties agree that a facsimile copy or a digitally scanned copy of a signature shall be binding and agree that the Parties may make delivery of their respective executed Agreement by (i) transmitting a copy of the executed Agreement by facsimile transmission to the other Party's counsel, or (ii) by transmitting a digitally scanned copy of the executed Agreement, saved as a .PDF file, to the other Party's counsel by email.

26.      The undersigned attorneys and parties hereby represent and warrant that they are authorized to execute this Settlement Agreement and any other documents that are hereafter deemed necessary to effectuate this Agreement on behalf of themselves or their respective clients.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement  to be executed as of the day and year first above written.


**[SIGNATURE PAGE TO FOLLOW]**

Dated: New York, New York
     June 6, 2023

**AKERMAN LLP**

By:    */s/John P. Campo*
     John P. Campo
     Scott S. Kessler
     1251 Avenue of the Americas,
     37th Floor
     New York, New York 10020
     Tel. No. (212) 880-3800
     E-mail: john.campo@akerman.com
     E-mail: scott.kessler@akerman.com

*Counsel for the Plaintiff/Trustee*


Dated: New York, New York
     June 6, 2023

**LAW OFFICES OF GABRIEL DEL VIRIGINIA**

By:    */s/Gabriel Del Virginia*
     Gabriel Del Virginia
     30 Wall Street, 12th Floor
     New York, New York 10005
     Tel. No.: (212) 371-5478
     E-mail:
     Gabriel.delvirginia@verizon.net

*Counsel for Debtor/Defendant Pawel Capala*


Dated:  Albany, New York
     June 6, 2023

**ASSAF & SEIGEL PLLC**

By:    */s/Michael Assaf*
     Michael Assaf
     Sixteen Corporate Woods Boulevard
     Albany, New York 12211-2350
     Tel. No. (518) 431-1000
     E-mail: massaf@assafandseigel.com

*Counsel for Defendants Jennifer Capala and Fire Hill Holdings LLC*


Dated: New York, New York
     June 6, 2023

**ROBERT WISNIEWSKI, P.C.**

By:    */s/Robert Wisniewski*
     Robert Wisniewski
     17 State Street
     Ste. 820
     New York, New York 10004
     Tel. No. (212) 267-2101
     E-mail: rw@rwapc.com

*On behalf of himself and as Counsel for Gortat Judgment Creditors*

Dated: New York, New York
June 6, 2023

By:___/s/Jennifer Capala___
Jennifer Capala

*Individually*

Dated: New York, New York
June 6, 2023

By:___/s/Jennifer Capala___
Jennifer Capala,
Managing Member

*Fire Hill Holdings LLC*

Dated:  New York, New York
June __, 2023

By:_____/s/Pawel Capala___
Pawel Capala

*Individually*

Dated: Bayside, New York
June 6, 2023

By:___/s/John S. Pereira, Trustee___
John S. Pereira, Trustee

*As Trustee for the Estate of Pawel Capala*

## GORTAT JUDGMENT CREDITORS

Dated: June 6, 2023

By:_____/s/Arthur Lapinski_____
Arthur Lapinski

By:_____
Artur Kosiorek

By:____/s/Mirolsaw Filipkowski_____
Mirolsaw Filipkowski

By:_____/s/Mirolsaw Gortat_____
Mirolsaw Gortat

By:_____/s/Henryk Bienkowski_____
Henryk Bienkowski

By:_____/s/Jan Swaltek_____
Jan Swaltek

Members of the Class Common Fund

By:_____

# EXHIBIT A
# MUTUAL RELEASE

## MUTUAL RELEASE

THIS **MUTUAL RELEASE** (the "Release"), is entered into as of June __, 2023 (the "Effective Date"), by and among **JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAWEL CAPALA** (the "Trustee"), **ROBERT WISNIEWSKI P.C.,** on behalf of himself and as Judgment Creditor ("R. Wisniewski"), **THE GORTAT JUDGMENT CREDITORS, PAWEL CAPALA** ("the "Debtor") **JENNIFER CAPALA** ("J. Capala") and **FIRE HILL HOLDINGS, LLC** ("Fire Hill") (each a "Party" and collectively, the "Parties").

## WITNESSETH THAT:

**WHEREAS**, in connection with the Order approving the Settlement Agreement entered into by and between the Trustee, the Debtor, J. Capala, Fire Hill and Robert Wisniewski P.C. ("R. Wisniewski"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("Gortat Judgment Creditors") dated as of July __, 2023, the Parties release each other from all claims pursuant to the release provisions set forth in the Settlement Agreement;

**WHEREAS**, upon the request of a Party, the Parties to the Settlement Agreement will execute this Release to confirm in a separate document the release provision of the Settlement Agreement;

**NOW, THEREFORE**,  in consideration of the releases contained herein, the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      **Release by Trustee, R. Wisniewski and Gortat Judgment Creditors.** The **Trustee, the Gortat Judgment Creditors, and  Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors**),  completely and fully release, acquit, and forever discharge **Debtor, J. Capala and Fire Hill** and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Trustee, the Gortat Judgment Creditors, and  Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors)** may now have, has ever had, or may claim to have had, against the **Debtor, J. Capala and Fire Hill** and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action through and including the date of this Release.

2.      <u>**Release by the Gortat Judgment Creditors and R. Wisniewski**</u>.  The **Gortat Judgment Creditors, and   Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors),** their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under him, shall and hereby does fully, finally, irrevocably, unconditionally and completely release, acquit and forever discharge the **Trustee** and his professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Gortat Judgment Creditors, and   Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors)** may now have, has ever had, or may claim to have had, against the **Trustee** and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action through and including the date of this Release.

3.      <u>**Release by Debtor, J. Capala and Fire Hill**</u>.  The **Debtor, J. Capala, and Fire Hill**, their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under them, shall and hereby does fully, finally, irrevocably, unconditionally and completely and fully release, acquit, and forever discharge the **Trustee, Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors),** and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Debtor, J. Capala and Fire Hill** may now have, has ever had, or may claim to have had, against the **Trustee, the Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors**) and their professionals, and each other, arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Agreement.

4.      Notwithstanding anything herein to the contrary, the provisions of this Release shall be effective upon completion of all Parties duties and obligations under the Settlement Agreement.

5.      <u>No Third Party Beneficiaries</u>.  Nothing in this Release shall be construed to create any rights enforceable by any party other than the Parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

6.    <u>Counterparts</u>.  This Release may be executed in any number of identical counterparts which, taken together, shall constitute collectively one Release.  The Parties further agree that an executed counterpart hereof delivered by email .pdf shall constitute a binding agreement and be treated as an original document.

7.    <u>No Other Promises or Inducements</u>.  This Release and the documents and agreements referred to in this Release constitute the entire agreement between the Parties with respect to the subject matter contained herein, and supersede all prior and contemporaneous agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to such subject matter.

8.    <u>Successors and Assigns</u>.  Neither Party may assign this Agreement or any of his or its rights or obligations hereunder without the prior written consent of the other Party, and any purported assignment without such consent shall be null and void. Subject to the foregoing, this Release shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

9.    <u>Governing Law; Forum</u>.  This Release and all disputes, or controversies, claims or causes of action based upon, arising out of or relating to this Release or the transactions contemplated hereby (whether based in contract, tort, under statute, equity or otherwise) shall be governed and construed in accordance with the applicable laws of the State of New York and the applicable laws of the United States of America, including the laws of Untied States Bankruptcy Code.  Any legal suit, action or proceeding against any party to this Release arising out of or related to this Release or relating to any such dispute, controversy, claim or cause of action shall be resolved by the either the United States District Court for the Eastern District of New York or the United States Bankruptcy Court for the Eastern District of New York.

10.    <u>Waiver of Terms</u>.  No waiver by either Party of any provision hereof shall be effective unless in writing and executed by the Party against whom enforcement of the waiver is sought.  No failure or delay on the part of any Party to exercise any right hereunder shall operate as a waiver thereof.  Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provisions hereof.

**[SIGNATURE PAGE TO FOLLOW]**

By:_____
    John S. Pereira, as Chapter 7
    Trustee for the Estate Of Pawel
    Capala

By:_____
    Pawel Capala

**THE GORTAT JUDGMENT CREDITORS**

By:_____
    Arthur Lapinski, individually

By:_____
    Artur Kosiorek, individually

By:_____
    Mirolsaw Filipkowski, individually

By:_____
    Mirolsaw Gortat, individually

By:_____
    Henryk Bienkowski, individually

By:_____
    Jan Swaltek, individually

Members of the Class Common Fund

By:_____

By: _____
    Jennifer Capala

**FIRE HILL HOLDINGS, LLC**

By:_____
    Jennifer Capala, Managing
    Member

By:_____
    Robert Wisniewski, individually

**ROBERT WISNIEWSKI P.C.**

By:_____
    Robert Wisniewski

**EXHIBIT 2**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                   :    Chapter 7

                                       :

PAWAL CAPALA,                    :    Case No. 15-42763 (NHL)

                                       :

                     Debtor.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 BY AND BETWEEN
THE TRUSTEE, THE DEBTOR, JENNIFER CAPALA, FIRE HILL HOLDINGS, LLC
<u>ROBERT WISNIEWSKI AND THE GORTAT JUDGMENT CREDITORS</u>**

      This matter coming before the Court on July 6, 2023 (the "**Hearing**") upon the motion (the "**Motion**")[1] [**ECF No. __, Adv. ECF No. ____**] of John S. Pereira, as chapter 7 trustee (the "**Trustee**") for the estate of Pawel Capala (the "**Debtor**"), for entry of an Order (the "**Order**") approving a Settlement Agreement between the Trustee, the Debtor, Jennifer Capala ("**J. Capala**") and Fire Hill Holdings, LLC ("**Fire Hill**," together with the Debtor and J. Capala, the "**Defendants**") and Robert Wisniewski ("**R. Wisniewski**"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("**Gortat Judgment Creditors**"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019; and the Court having reviewed the Motion; and no objections having been filed to the Motion; and it appearing to the Court that it (i) has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and upon the record of the Hearing; and proper notice of the Motion having been given; and the Court having found that the Settlement Agreement reflects a reasonable exercise of the Trustee's business judgment and is in the best interest of the Debtor's estate; it is hereby ORDERED:

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings given to them in the Motion.

1.      The Motion is GRANTED.

2.      The Trustee is hereby authorized to enter into the Settlement Agreement with the

Debtor, J. Capala, Fire Hill, R. Wisniewski and the Gortat Judgment Creditors, a copy of which

is attached hereto as **Exhibit A**.

3.      The terms of the Settlement Agreement are hereby approved.

4.      The Court will retain jurisdiction to consider any and all disputes or other issues

that may arise relating to this Order and/or the Settlement Agreement.

5.      The Trustee is hereby authorized and empowered to take such actions as may be

necessary and appropriate to implement the terms of the Settlement Agreement and this Order.

6.      This Order shall be effective immediately upon entry by the Court.

**SO ORDERED:**

**DATED: BROOKLYN, NEW YORK**
        **JULY  __, 2023**

                                        **PROPOSED**

                        _____

                        **HON. NANCY H. LORD**
                        **UNITED STATES BANKRUPTCY JUDGE**