```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                           :    Chapter 7
                                                :
PAWAL CAPALA,                                   :    Case No. 15-42763 (NHL)
                                                :
                         Debtor.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 BY AND BETWEEN THE TRUSTEE, THE DEBTOR, JENNIFER CAPALA, FIRE HILL HOLDINGS, LLC <u>ROBERT WISNIEWSKI AND THE GORTAT JUDGMENT CREDITORS</u>

This matter coming before the Court on July 6, 2023 (the "**Hearing**") upon the motion (the "**Motion**")[1] [**ECF No. 85**] of John S. Pereira, as chapter 7 trustee (the "**Trustee**") for the estate of Pawel Capala (the "**Debtor**"), for entry of an Order (the "**Order**") approving a Settlement Agreement between the Trustee, the Debtor, Jennifer Capala ("**J. Capala**") and Fire Hill Holdings, LLC ("**Fire Hill**," together with the Debtor and J. Capala, the "**Defendants**") and Robert Wisniewski ("**R. Wisniewski**"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("**Gortat Judgment Creditors**"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019; and the Court having reviewed the Motion; and no objections having been filed to the Motion; and it appearing to the Court that it (i) has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and upon the record of the Hearing, ***at which appeared Robert Wisniewski, Esq. (Counsel to Plaintiffs), John S. Pereira, Esq. (Trustee), John Campo, Esq. (Counsel to Trustee), and Gabriel Del Virginia, Esq. (Counsel to Defendant);*** *(NHL)* and proper notice of the Motion having been given; and the Court having found that the

---
[1] Capitalized terms used by not otherwise defined herein shall have the meanings given to them in the Motion.

Settlement Agreement reflects a reasonable exercise of the Trustee's business judgment and is in the best interest of the Debtor's estate **_and does not fall below the lowest point in the range of reasonableness_** *(NHL)*; it is hereby ORDERED:

1. The Motion is GRANTED.

2. The Trustee is hereby authorized to enter into the Settlement Agreement with the Debtor, J. Capala, Fire Hill, R. Wisniewski and the Gortat Judgment Creditors, a **_fully executed_** *(NHL)* copy of which is attached hereto as **Exhibit A**.

3. The terms of the Settlement Agreement are hereby approved.

4. The Court will retain jurisdiction to consider any and all disputes or other issues that may arise relating to this Order and/or the Settlement Agreement.

5. The Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Settlement Agreement and this Order.

6. This Order shall be effective immediately upon entry by the Court.

~~**SO ORDERED:**~~ *(NHL)*



Dated: July 26, 2023
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge