# EXHIBIT A
# SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                               :   Chapter 7
                                                    :
PAWAL CAPALA,                                       :   Case No. 15-42763 (NHL)
                                                    :
                        Debtor.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of June 6, 2023, by and between plaintiff John S. Pereira, as Chapter 7 Trustee for the estate of Pawel Capala ("Trustee"), and Pawel Capala (the "Debtor"), Jennifer Capala ("J. Capala"), Fire Hill Holdings, LLC ("Fire Hill," together with the Debtor and J. Capala, the "Defendants") and Robert Wisniewski P.C. ("R. Wisniewski"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("Gortat Judgment Creditors") (Trustee, Defendants, R. Wisniewski and the Gortat Judgment Creditors are each referred to herein as a "Party" and jointly as the "Parties").

## RECITALS

WHEREAS, on June 12, 2015, the Debtor filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York, and on or about September 23, 2015, the Trustee was appointed as the successor trustee of the Debtor's bankruptcy estate;

WHEREAS, on June 8, 2017, the Trustee brought an action against the Defendants in the United States District Court for the Eastern District of New York (the "District Court"), *In re: Pereira v. Pawel Capala, et al.*, Case No. 17-cv-03434 (ILG) (the "Fraudulent Conveyance Action" or "FCA"), seeking to avoid and preserve, for the benefit of the Debtor's estate, transfers of real properties made by the Debtor to J. Capala and her related entity, Fire Hill, after a jury verdict and before a judgment was entered against the Debtor and in favor of the Gortat Judgment

70162872;4

Creditors, in *In re: Miroslaw Gortat, et al. v. Capala Brother, Inc., et al.,* Case No. 07-cv-03629 (ILG) ("Gortat Action");

WHEREAS, the transferred properties consist of (1) a converted firehouse located at 246 Frost Street, Brooklyn, NY ("Frost Street"); (2) a marital residence located at 152 Fire Hill Road, Spencertown, NY ("Spencertown"); and (3) undeveloped land in Hillsdale, NY ("Hillsdale," together with Frost Street and Spencertown, the "Properties");

WHEREAS, during the pendency of the FCA the Trustee caused lis pendens (the "Lis Pendens") to be filed against the Properties and obtained an order from the District Court directing that the rent proceeds from Frost Street be swept monthly and held in escrow (the "Rent Escrow") by the Trustee;

WHEREAS, as of the date of this Agreement, the Rent Escrow totals approximately $519,001.50;

WHEREAS, on June 19, 2018, the Trustee brought an action against the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), *In re: Pereira v. Pawel Capala*, Adv. No. 18-01073 (NHL) (the "Discharge Action"), objecting to the Debtor's discharge. The Discharge Action remains pending;

WHEREAS, on September 11, 2015, R. Wisniewski and the Gortat Judgment Creditors commenced an adversary proceeding in the Bankruptcy Court, *In re Miroslaw Gortat, et al. v. Pawel Capala*, Adv. No. 15-01160 (NHL) (the "Discharge/Dischargeability Action") objecting to the Debtor's discharge and the dischargeability of the judgment entered in the Gortat Action. The Discharge/Dischargeability Action remains pending;

WHEREAS, the Parties have met and conferred regarding the settlement of these matters separately and in a settlement conference held on April 17, 2023 before Magistrate Judge Cheryl

Pollak and have reached a settlement, the terms of which were placed on the record before Judge Pollak on April 17, 2023, subject to memorializing the terms in this Agreement.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises, covenants and conditions hereinafter set forth, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by the Parties, the Parties hereby agree as follows:

**Approval of this Agreement**

1. This Agreement is subject to the entry of an order by the Bankruptcy Court approving the Agreement (the "Approval Order") that becomes a Final Approval Order. The Approval Order shall be deemed effective upon its entry. A "Final Approval Order" shall be an Approval Order entered after no objections or, to the extent any objection(s) are raised, upon resolution of the objection(s) and expiration of any applicable appeal period. Upon execution of this Agreement by the Parties, the Trustee shall promptly file a motion (the "Motion") seeking entry by the Bankruptcy Court of the Approval Order, shall use reasonable efforts to obtain a Final Approval Order, and the Parties shall reasonably cooperate and support the Motion in all respects.

**Settlement Terms**

2. J. Capala shall pay to the Trustee the total sum of One Million One Hundred Sixty-Five Thousand ($1,165,000) U.S. Dollars (the "Settlement Amount") by certified or bank check made payable to "John S. Pereira, as Ch. 7 Trustee for the estate of Pawel Capala," and delivered to the Trustee at 35-35 221st Street, Bayside, New York 11361 so as to be received within thirty

(30) days after full execution of this Agreement. The Settlement Amount is separate and apart from the Rent Escrow currently being held by the Trustee.

3. If J. Capala fails to timely remit the Settlement Amount in accordance with the terms set forth in paragraph 2 of this Agreement, she will be deemed to be in default of the District Court Order approving the terms of the Agreement and the Trustee will have the authority to seek any and all remedies available against J. Capala for failing to remit the payment and for failing to obey the District Court Order. The provisions of this paragraph shall survive the termination of this Agreement and shall be applicable even if the Agreement has not been approved by the Bankruptcy Court.

4. If the Settlement Amount is received by the Trustee before the entry of a Final Approval Order, the Trustee shall hold the Settlement Amount in escrow pending the approval of the Agreement by the Bankruptcy Court and the entry of a Final Approval Order. Upon entry of the Final Approval Order and consummation of the obligations of the Trustee hereunder, the Settlement Amount and the Rent Escrow shall be deemed property of the Debtor's estate, the Trustee shall release the Lis Pendens and any and all claims on the Properties, the Defendants shall be deemed to have released any and all claims against the Debtor's estate and the Rent Escrow, and the Parties shall be deemed to have released each other from any and all claims, including but not limited to any claims in the FCA, the Gortat Action, the Discharge Action, and the Discharge/Dischargeability Action. The Parties agree that the release provisions that are set forth in this Agreement shall be effective and efforceable upon entry of the Final Approval Order and the consummation of the obligations of the Parties hereunder. Simultaneously upon the execution of this Agreement, the parties shall execute four original duplicate mutual releases (the "Mutual Releases") in the form attached as hereto as **Exhibit "A"**. Counsel for the Trustee and counsel

for J. Capala and Fire Hill shall each hold two duplicate executed original Mutual Releases in escrow which, upon notice to all Parties, may be released from escrow and delivered to a Party, provided such Party has completed all of their obligations under this Agreement.

5. Upon entry of the Final Approval Order and the Mutual Releases having been executed and held in escrow, the Trustee shall be authorized to take legal and actual possession of the Rent Escrow and the Settlement Amount, which the Trustee may use to satisfy claims, distributions, administrative fees, commissions and expenses in the Debtor's bankruptcy case.

6. Within thirty (30) days after execution of this Agreement, and provided that the Trustee has received the Settlement Amount, R. Wisniewski will file, in the Debtor's bankruptcy case, an amendment to Claim No. 14, which will be an allowed claim in the amount of Four Hundred Forty-Six Thousand Four Hundred Forty-Six Dollars ($446,446) (the "R. Wisniewski Claim"). The R. Wisniewski Claim shall be paid in full to "Robert Wisniewski P.C." through a distribution by the Trustee in the Debtor's bankruptcy estate, within sixty (60) days after the entry of the Final Approval Order. The Parties hereby agree not to file any objections to the R. Wisniewski Claim. R. Wisniewski hereby waives any and all further or other claims against the other Parties and the Debtor's estate.

7. Within thirty (30) days after the execution of this Agreement, and provided that the Trustee has received the Settlement Amount, the Gortat Judgment Creditors (or R. Wisniewski, on behalf of the Gortat Judgment Creditors), shall file, in the Debtor's bankruptcy case, amendments to Claim Nos. 6A, 7A, 8A, 9A, 10A, 11A and 13 (the "Gortat Claims") to reduce the amount of those claims by the amounts previously received by the Gortat Judgment Creditors in the Robert Capala bankruptcy case so that the total amount of the Gortat Claims in the aggregate shall not exceed $150,528.84, which amount shall be paid in full in the Debtor's bankruptcy case

through a distribution by the Trustee made within sixty (60) days of the entry of the Final Approval Order (the "Distribution").  The Distribution shall be made payable to the Gortat Judgment Creditors in the amounts of their respective claims and mailed to them c/o Robert Wisniewski, P.C. In the event, any Gortat Judgment Creditor requests in writing to the Trustee that their payment be sent to "Robert Wisniewski P.C. – IOLA as Attorney for the Gortat Judgment Creditors."  The Parties agree not to file any objections to the Gortat Claims.

8. Within thirty (30) days after execution of this Agreement, the Debtor shall file an amendment to Schedule C - Property Claimed as Exempt - to reflect withdrawal of the homestead exemption of the Spencertown property, and the Debtor hereby waives any and all claims to a distribution of any kind in the Debtor's bankruptcy case.

9. Within thirty (30) days of the payment of the Settlement Amount, the Trustee and his professionals shall file final fee applications in the Debtor's bankruptcy case for the payment of final administrative fees, commissions and expenses in the Debtor's bankruptcy case. The Debtor and Defendants agree not to object to the Trustee's and the Trustee's professionals' fee applications.  The Gortat Judgment Creditors and R. Wisniewski (on behalf of the Gortat Judgment Creditors), agree not to object to the Trustee's and the Trustee's professionals' fee applications provided that the payment of those applications will not result in any reduction of the full payment of the R. Wisniewski Claim and the Gortat Claims. The Trustee agrees that the final fee applications awarded and paid shall not exceed any amount that, after payment, would result in any reduction of the payment of the R. Wisniewski Claim and the Gortat Claims.

10. Upon entry of the Final Approval Order, the Trustee, on behalf of the Debtor's estate, and R. Wisniewski, on behalf of himself and the Gortat Judgment Creditors, shall withdraw their pending objections to the Debtor's discharge/dischargeability in the Debtor's bankruptcy case

and the Parties shall file stipulations dismissing the Discharge Action and the Discharge/Dischargeability Action with prejudice and without costs to either party.

**Releases**

11. The Parties agree to the releases of any and all claims by and between the Parties as more specifically provided in the paragraphs below. The releases agreed to within this Agreement shall be effective upon the entry of the Final Approval Order.

12. The Defendants, R. Wisniewski and the Gortat Judgment Creditors agree that, upon the entry of the Final Approval Order and such other terms as required under this Agreement and payment in full of the R. Wisniewski Claim and Gortat Claims, they shall be deemed to have waived and released any and all claims and/or causes of action, filed or unfiled, as against the Debtor's estate, the Trustee, and the Trustee professionals, in the Debtors bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action, and shall not, except as otherwise provided herein, assert any claim of any sort, including any claim pursuant to section 502(h) of the Bankruptcy Code, against the Debtor's estate, and that any such claims, filed or unfiled, by the Defendants, R. Wisniewski and/or the Gortat Judgment Creditors shall be deemed waived, released, and expunged as against the Debtor's bankruptcy estate and the Trustee.

13. Effective upon the Trustee's receipt of the Settlement Amount, the entry of the Final Approval Order, and the completion of all of the Defendants' obligations under the Agreement, the Trustee, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors), completely and fully release, acquit, and forever discharge Debtor, J. Capala and Fire Hill and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners,

predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Trustee, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors) may now have, has ever had, or may claim to have had, against the Debtor, J. Capala and Fire Hill and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action.

14.     Effective upon the Trustee's receipt of the Settlement Amount and the entry of the Final Approval Order, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors), their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under him, shall and hereby does fully, finally,irrevocably, unconditionally and completely release, acquit and forever discharge the Trustee and his professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses,

interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors) may now have, has ever had, or may claim to have had, against the Trustee and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action.

15.     In addition, in a report and recommendation issued by Magistrate Gold in the Gortat Action, the Court found that Capala Brothers, Inc. had conveyed 269 Withers Street, Brooklyn, New York (the "Withers Street Property") to 269 Withers Street, LLC, a limited liability corporation with members named Mieczyslaw Cielepak and Franciszka Cielepak (the "Purchasers") without receiving fair consideration in return. The Purchasers were directed to pay $350,000 to R. Wisniewski and the Gortat Judgment Creditors. This decision has been appealed by the Purchasers to the District Court, and is awaiting a decision. R. Wisniewski and the Gortat Judgment Creditors' claim against the Purchasers in the amount of $350,000 is not affected by this Agreement, and the Trustee and the Defendants waive any and all claims with respect to the Withers Street Property, including any payment to R. Wisniewski and the Gortat Judgment Creditors from the Purchasers of the Withers Street Property.

16.     Upon entry of the Final Approval Order, the Debtor, J. Capala, and Fire Hill, their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under them, shall and hereby does fully, finally, irrevocably, unconditionally and completely and fully release, acquit, and forever

discharge the Trustee, Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors), and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the Debtor, J. Capala and Fire Hill may now have, has ever had, or may claim to have had, against the Trustee, the Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors) and their professionals, and each other, arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Agreement.

**Dismissal of Actions**

17.     Promptly after entry of the Final Approval Order, and the full payment of the Settlement Amount, the Parties will execute and will file stipulations of dismissal, with prejudice and without costs, (the "Stipulations of Dismissal"), of the FCA, the Discharge Action, and the Discharge/Dischargeability Action.

**Entire Agreement**

18. This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matters contained herein, and this Agreement may not be altered, amended, or modified in any respect, except by a writing duly executed by the Parties hereto or their successors in interest.

19. Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the Parties and their legal representatives, successors, assigns, heirs, personal representatives, and predecessors in interest, but only after entry of the Final Approval Order by the Bankruptcy Court.

20. The Parties each acknowledge and represent that they have been fully advised by legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed same. The Parties further hereby each acknowledge that they have had input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any Party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

21. **Governing Law.** This Agreement shall be interpreted and construed in accordance with the laws of the State of New York.

22. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court and/or the District Court for the Eastern District of New York.

23. This Agreement and the negotiations and discussions leading up to this Agreement and the transactions contemplated hereby affect the settlement of claims which are

contested, do not constitute, and nor shall they be construed as or offered as evidence in any action or proceeding of, an admission of liability or damages by any Party.

24. The Parties shall bear their own costs, attorneys' fees and expenses in connection with the FCA, the Discharge Action, the Discharge/Dischargeability Action, and in connection with this Agreement except as otherwise set forth herein.

25. **Counterparts**. This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument. The Parties agree that a facsimile copy or a digitally scanned copy of a signature shall be binding and agree that the Parties may make delivery of their respective executed Agreement by (i) transmitting a copy of the executed Agreement by facsimile transmission to the other Party's counsel, or (ii) by transmitting a digitally scanned copy of the executed Agreement, saved as a .PDF file, to the other Party's counsel by email.

26. The undersigned attorneys and parties hereby represent and warrant that they are authorized to execute this Settlement Agreement and any other documents that are hereafter deemed necessary to effectuate this Agreement on behalf of themselves or their respective clients.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

[SIGNATURE PAGE TO FOLLOW]

Dated: New York, New York
     June 6, 2023

**AKERMAN LLP**

By:   */s/John P. Campo*
     John P. Campo
     Scott S. Kessler
     1251 Avenue of the Americas,
     37th Floor
     New York, New York 10020
     Tel. No. (212) 880-3800
     E-mail: john.campo@akerman.com
     E-mail: scott.kessler@akerman.com

*Counsel for the Plaintiff/Trustee*

Dated: Albany, New York
     June 6, 2023

**ASSAF & SEIGEL PLLC**

By:   */s/Michael Assaf*
     Michael Assaf
     Sixteen Corporate Woods Boulevard
     Albany, New York 12211-2350
     Tel. No. (518) 431-1000
     E-mail: massaf@assafandseigel.com

*Counsel for Defendants Jennifer Capala and Fire Hill Holdings LLC*

Dated: New York, New York
     June 6, 2023

**LAW OFFICES OF GABRIEL DEL VIRIGINIA**

By:   */s/Gabriel Del Virginia*
     Gabriel Del Virginia
     30 Wall Street, 12th Floor
     New York, New York 10005
     Tel. No.: (212) 371-5478
     E-mail: Gabriel.delvirginia@verizon.net

*Counsel for Debtor/Defendant Pawel Capala*

Dated: New York, New York
     June 6, 2023

**ROBERT WISNIEWSKI, P.C.**

By:   */s/Robert Wisniewski*
     Robert Wisniewski
     17 State Street
     Ste. 820
     New York, New York 10004
     Tel. No. (212) 267-2101
     E-mail: rw@rwapc.com

*On behalf of himself and as Counsel for Gortat Judgment Creditors*

| | |
|---|---|
| Dated: New York, New York<br>June 6, 2023 | Dated: New York, New York<br>June __, 2023 |
| By: */s/Jennifer Capala*<br>Jennifer Capala | By: */s/Pawel Capala*<br>Pawel Capala |
| *Individually* | *Individually* |
| Dated: New York, New York<br>June 6, 2023 | Dated: Bayside, New York<br>June 6, 2023 |
| By: */s/Jennifer Capala*<br>Jennifer Capala,<br>Managing Member | By: */s/John S. Pereira, Trustee*<br>John S. Pereira, Trustee |
| *Fire Hill Holdings LLC* | *As Trustee for the Estate of Pawel Capala* |

**GORTAT JUDGMENT CREDITORS**

Dated: June 6, 2023

By: */s/Arthur Lapinski*
      Arthur Lapinski

By: */s/ Robert Wisniewski as attorney for*
      Artur Kosiorek

By: */s/Mirolsaw Filipkowski*
      Mirolsaw Filipkowski

By: */s/Mirolsaw Gortat*
      Mirolsaw Gortat

By: */s/Henryk Bienkowski*
      Henryk Bienkowski

By: */s/Jan Swaltek*
      Jan Swaltek

Members of the Class Common Fund

By: */s/Robert Wisniewski as attorney for*
      Members of the Class Common Fund

# EXHIBIT B
# MUTUAL RELEASE

# MUTUAL RELEASE

THIS **MUTUAL RELEASE** (the "Release"), is entered into as of June __, 2023 (the "Effective Date"), by and among **JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAWEL CAPALA** (the "Trustee"), **ROBERT WISNIEWSKI P.C.,** on behalf of himself and as Judgment Creditor ("R. Wisniewski"), **THE GORTAT JUDGMENT CREDITORS, PAWEL CAPALA** ("the "Debtor") **JENNIFER CAPALA** ("J. Capala") and **FIRE HILL HOLDINGS, LLC** ("Fire Hill") (each a "Party" and collectively, the "Parties").

## WITNESSETH THAT:

**WHEREAS**, in connection with the Order approving the Settlement Agreement entered into by and between the Trustee, the Debtor, J. Capala, Fire Hill and Robert Wisniewski P.C. ("R. Wisniewski"), on behalf of himself as a judgment creditor and on behalf of the Gortat judgment creditors ("Gortat Judgment Creditors") dated as of July __, 2023, the Parties release each other from all claims pursuant to the release provisions set forth in the Settlement Agreement;

**WHEREAS**, upon the request of a Party, the Parties to the Settlement Agreement will execute this Release to confirm in a separate document the release provision of the Settlement Agreement;

**NOW, THEREFORE**, in consideration of the releases contained herein, the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Release by Trustee, R. Wisniewski and Gortat Judgment Creditors.** The **Trustee, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors**), completely and fully release, acquit, and forever discharge **Debtor, J. Capala and Fire Hill** and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Trustee, the Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors)** may now have, has ever had, or may claim to have had, against the **Debtor, J. Capala and Fire Hill** and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action through and including the date of this Release.

2. **Release by the Gortat Judgment Creditors and R. Wisniewski**. The **Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors),** their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under him, shall and hereby does fully, finally, irrevocably, unconditionally and completely release, acquit and forever discharge the **Trustee** and his professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Gortat Judgment Creditors, and Robert Wisniewski (individually and on behalf of the Gortat Judgment Creditors)** may now have, has ever had, or may claim to have had, against the **Trustee** and their professionals arising from or relating to the Debtor's bankruptcy estate, including, but not limited to, any and all claims asserted, or that could have been asserted, in the Debtor's bankruptcy case, the FCA, the Discharge Action, the Discharge/Dischargeability Action, and the Gortat Action through and including the date of this Release.

3. **Release by Debtor, J. Capala and Fire Hill**. The **Debtor, J. Capala, and Fire Hill**, their legal representatives, successors, assigns, heirs, personal representatives, and predecessors or successors in interest, and those claiming by, through or under them, shall and hereby does fully, finally, irrevocably, unconditionally and completely and fully release, acquit, and forever discharge the **Trustee, Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors),** and their professionals, as well as their agents, principals, employees, attorneys, partners, officers, directors, shareholders, affiliates, trustees, owners, predecessors, successors, assigns, beneficiaries, heirs, representatives, executors, administrators, insurers, reinsurers, predecessors, successors and assigns, or any of them, in each and every capacity in which they have acted, may have acted, or might be alleged to have acted, of and from any and all liabilities, claims, rights, obligations, charges, damages, costs, expenses, interest, attorney's fees, causes of action, suits, actions, and demands, of any and every kind, nature and character, liquidated or unliquidated, absolute or contingent, in law and in equity, whether known or unknown, suspected or unsuspected, that the **Debtor, J. Capala and Fire Hill** may now have, has ever had, or may claim to have had, against the **Trustee, the Gortat Judgment Creditors and R. Wisniewski (individually and on behalf of the Gortat Judgment Creditors**) and their professionals, and each other, arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Agreement.

4. Notwithstanding anything herein to the contrary, the provisions of this Release shall be effective upon completion of all Parties duties and obligations under the Settlement Agreement.

5. No Third Party Beneficiaries. Nothing in this Release shall be construed to create any rights enforceable by any party other than the Parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

6. <u>Counterparts</u>.  This Release may be executed in any number of identical counterparts which, taken together, shall constitute collectively one Release.  The Parties further agree that an executed counterpart hereof delivered by email .pdf shall constitute a binding agreement and be treated as an original document.

7. <u>No Other Promises or Inducements</u>.  This Release and the documents and agreements referred to in this Release constitute the entire agreement between the Parties with respect to the subject matter contained herein, and supersede all prior and contemporaneous agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to such subject matter.

8. <u>Successors and Assigns</u>.  Neither Party may assign this Agreement or any of his or its rights or obligations hereunder without the prior written consent of the other Party, and any purported assignment without such consent shall be null and void. Subject to the foregoing, this Release shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

9. <u>Governing Law; Forum</u>.  This Release and all disputes, or controversies, claims or causes of action based upon, arising out of or relating to this Release or the transactions contemplated hereby (whether based in contract, tort, under statute, equity or otherwise) shall be governed and construed in accordance with the applicable laws of the State of New York and the applicable laws of the United States of America, including the laws of Untied States Bankruptcy Code.  Any legal suit, action or proceeding against any party to this Release arising out of or related to this Release or relating to any such dispute, controversy, claim or cause of action shall be resolved by the either the United States District Court for the Eastern District of New York or the United States Bankruptcy Court for the Eastern District of New York.

10. <u>Waiver of Terms</u>.  No waiver by either Party of any provision hereof shall be effective unless in writing and executed by the Party against whom enforcement of the waiver is sought.  No failure or delay on the part of any Party to exercise any right hereunder shall operate as a waiver thereof.  Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provisions hereof.

**[SIGNATURE PAGE TO FOLLOW]**

| | |
|---|---|
| By:_____<br>　　John S. Pereira, as Chapter 7 Trustee for the Estate Of Pawel Capala | By:_____<br>　　　　　Pawel Capala |
| **THE GORTAT JUDGMENT CREDITORS**<br><br>By:_____<br>　　　Arthur Lapinski, individually<br><br>By:_____<br>　　　Artur Kosiorek, individually<br><br>By:_____<br>　　　Mirolsaw Filipkowski, individually<br><br>By:_____<br>　　　Mirolsaw Gortat, individually<br><br>By:_____<br>　　　Henryk Bienkowski, individually<br><br>By:_____<br>　　　Jan Swaltek, individually<br><br>Members of the Class Common Fund<br><br>By:_____ | By: _____<br>　　　　Jennifer Capala<br><br>**FIRE HILL HOLDINGS, LLC**<br><br>By:_____<br>　　Jennifer Capala, Managing Member<br><br><br><br>By:_____<br>　　Robert Wisniewski, individually<br><br>**ROBERT WISNIEWSKI P.C.**<br><br>By:_____<br>　　　　Robert Wisniewski |